Labauve, J.
This is an appeal taken from a judgment of the lower Court, refusing to recognize the petitioners as guardians, respectively, of Geo. W. Stephens, aged about nineteen years, and Catherine Stephens, a girl aged about twelve years. This is an ex parte application, which was passed upon by the Judge on the face of the petition and letters of guardianship issued out of this State.
The jietition reads thus:
“ The petition of Meloin Stephens, who resides in the State of New York, and of Susan M. Hawley, a single woman, who resides in Tecumseth, in the State of Michigan, respectfully shows that William G. Stephens, a resident of this city, died on the 25th of November, 1861, and his succession was opened on the 10th of December, 1861, under No. 18,595 of the docket; that Gideon Stephens was appointed and qualified administrator thereof, and the proceedings still pending, and the succession unliquidated and unsettled; that at the time of his death, Wm. G. Stephens was a widower, having- been twice married, first to Oatherine Hawley, of the State of New York, and recently to---of the city of New Orleans, and by his first marriage, the said Stephens had two children, a boy named Geo. W. Stephens, now aged about nineteen years, and a girl named Catherine' Stephens, now aged about twelve years; that these minors were, upon consultation with and consent of the relations of the deceased, and for the advantage and benefit of the said minors, taken from the city of New Orleans; and the boy, George, domiciled in the family of Nathan Stephens, in New York, where he still is, and the girl, Catherine Stephens, domiciliated inTecumseth, Michigan, where she still is:
*500 “ The said Nathan Stephens, being the brother of the deceased, and the said Susan M. Hawley, the sister of the first wife, and maternal aunt of Catherine, her ward; and that this removal of the minors was effected in the month of June, 1862; that these minors are the sole heirs of the deceased, the issue of the first marriage, and there was no issue of the second marriage; that on the 25th of April, 1864, Gideon Stephens, administrator, and the father of the deceased, convoked a meeting of the family, under whose recommendation the Court appointed by virtue of the fourth section of the act of 15th March, 1855, M. H. Flanagan, tutor, and Thomas H. Burke, under-tutor, who were both regularly qualified; that subsequently, to wit: on the---- 1864, the said Flanagan died, and these minors have been left without a tutor ever since that date in Louisiana.
’“-Petitioners show that to obviate these embarrassments in the settlement of Jjhis succession, one of them, to wit: Melven Stephens has obtained letters of guardianship for the minor, George W. Stephens,'from the Surrogate of'King’s county, New York, under date of the 26 th December, 1865, and petitioner, Susan M. Hawley, obtained letters of guardianship for the minor, Catherine, from the Probate Court for the county of Jackson, both of which are made part hereof, from which it appears that both petitioners have been duly appointed and qualified according to the laws of .the State where the appointments were made, and where the minors reside.
.. “Wherefore, petitioners pray that they be recognized as guardians of the said minors, and as such, entitled to sue for and recover anyproperty, rights or credits belonging to the said minors in this State, and relieved from the necessity of qualifying as tutors of said minors, according to the laws of this State, and they pray for general relief.”
■At the foot of the petition, all the facts and allegations contained in said petition, are sworn to by one of the petitioners.
The letters of guardianship are found in the record, and show the appointments of tutors as made, respectively, in the States of New York and Michigan.
The Court below rendered judgment that the prayer of the petition be not granted.
The petitioners appealed.
■ This case involves a question of jurisdiction, which must be tested by fixing the domicile of the minors.
, It is well settled that the domicile of the tutor is that of the minor. Civil Code, Art. 48. 2 R. 160. 14 A. 565. W. G. Stephens, the father of the minors, was a resident of and died in the city of New Orleans, on the 25th November, 1861, and his succession opened on the 10th December, 1861; he left at his death the said minors, to whom M. H. Flanagan was duly appointed and qualified as tutor, and he subsequently died in 1864, and the minors remained without a tutor. The petitioners subsequently caused themselves to be respectively appointed in the States of New York and Michigan.
These minors were removed from this State by their relations in June, 1864.
It is clear that the domicile of their father and of their deceased tutor, *501 Flanagan, was in this city, where they were left unprovided with tutor, by the death of Flanagan. Their domicile was then here, and the question is: did their removal from this State, change and remove also their domicile, and divest the Court of New Orleans .of its jurisdiction over their persons and property? We think not: the tutorship was opened and vacated here, where their tutor resided at the time of his death, and. no Courts, even in this State, had jurisdiction to fill the vacancy, except the probate Court of New Orleans. 13 A. 265. C. C., Art. 289. The appointments of petitioners are nullities.
It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.