## Morgan, Appellant, v. Williams.

*Landlord and tenant—Parol lease—Yearly lease—Monthly lease—Conflicting evidence.*

1. In a proceeding to recover possession of leased premises under the Act of December 14, 1863, P. L. (1864) 1125, where thirty days' notice only was given by the landlord, it is incumbent upon the latter to bring himself within the provisions of the Act of March 31, 1905, P. L. 87,

by showing that the lease under which the tenant held was for "a time less than one year, or by the month, or for an indeterminable time."

2. In such a case where it appears that there was no written lease, but merely a parol one, and the evidence is contradictory as to whether the tenant entered under an agreement for a yearly lease, or for a monthly lease, the question of the terms of the lease as agreed upon by the parties, is for the jury under the proper instructions of the court.

3. In determining whether the tenant entered into an agreement for a yearly lease, the fact that she assented to an increase of rent during the first year is pertinent as tending to sustain the landlord's contention that the tenant entered and was then holding as a tenant by the month, but it does not in and of itself change the nature of the tenancy.

4. A tenancy at will may become a tenancy from year to year if it appears that the tenant without objection by the landlord makes a number of valuable improvements on the premises for business purposes, remains in possession for more than three years, pays the stipulated rent, and when an increase is demanded, pays it, and the landlord accepts it without notice to remove or other action indicating an intention to hold the tenant as strictly a tenant at will.

Argued Dec. 11, 1908. Appeal, No. 212, Oct. T., 1908, by plaintiff, from judgment of C. P. Schuylkill Co., March T., 1908, No. 226, on verdict for defendants in case of Lizzie Morgan v. Mrs. J. S. Williams and J. S. Williams. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from judgment of a justice of the peace, in proceedings to recover leased premises under the Act of December 14, 1863, P. L. (1864) 1125, and March 31, 1905, P. L. 87.

The facts are stated in the opinion of the Superior Court.

· Plaintiff presented the following points:

3. Where nothing is shown which converts a tendency at will into a different sort of tenancy or expands it into a larger term, it still continues to be a tenancy at will, no matter what the period of occupancy may have been. *Answer:* That we affirm, but in explanation of that point we will read to you the opinion of the Supreme Court in 22 Pa. Superior Ct. 621, as follows: "The entry under the parol lease for five years constituted a tenancy at will; that tenancy having continued for almost two years, and the parties having, during that

period, recognized its existence as rightful, the defendant having claimed "—that would be in this case the plaintiff—"and the plaintiff having paid or admitted liability for the rental, the estate instead of continuing to be a lease strictly at will, would thereby become a lease from year to year, so that the defendant could only be put out of possession at the end of a year, upon having received three months' previous notice to quit."

15. The increase in rent made during the first year, to wit, at the end of seven months, is evidence that the tenancy was not by the year, and is evidence of the character of the term. *Answer:* It is evidence to be taken in connection with all the other evidence in this case, to assist the jury in determining the intention and understanding of the parties.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were above instructions, quoting them.

*James J. Bell*, for appellant.—An oral lease for five years, in this state, creates only a tenancy at will: Walter v. Transue, 17 Pa. Superior Ct. 94; Act of March 21, 1772.

A letting by a parol for a sum certain per month, without anything being said about a year, constitutes a lease from month to month and not a lease from year to year; even though the tenant holds over for more than a year: Hollis v. Burns, 100 Pa. 206; Watkins v. Balch, 3 L. R. A. (N. S.) 852.

The increase of rent made in the seventh month of occupancy is positive evidence that the tenancy was by the month, for the law presumes that the party making such increase had a lawful right so to do, and this presumption was not overcome by evidence: Dumn v. Rothermel, 112 Pa. 272; Jennings v. McComb, 112 Pa. 518; Stover v. Cadwallader, 2 Penny. 117.

*M. M. Burke*, with him *P. H. Burke*, for appellees.—If the terms of a contract be in dispute its construction is a question for the jury: Blair v. Ford China Co., 26 Pa. Superior Ct. 374; Stafford v. Devereux, 166 Pa. 277.

No new tenancy is created by a mere agreement to pay more rent for the balance of the term: Taylor v. Winters, 6 Phila. 126.

A parol demise of land for more than three years, in the first instance, creates a tenancy at will only, and this satisfies the statute of frauds; but the tenancy at will, like any other, may be subsequently changed into a tenancy from year to year, by payment and acceptance of the rent annually or other circumstances indicating that to be the intention of the parties: Dumn v. Rothermel, 112 Pa. 272; Walter v. Transue, 22 Pa. Superior Ct. 617; McDowell v. Simpson, 3 Watts, 129; Gillion v. Finley, 22 W. N. C. 124; Jones v. Kroll, 19 W. N. C. 505; s. c., 116 Pa. 85.

OPINION BY RICE, P. J., July 14, 1909:

This appeal arose out of a proceeding under the Act of December 14, 1863, P. L. (1864) 1125, to recover possession of leased premises at the determination of the lease. As only a thirty days' notice to quit was given, it was incumbent on the plaintiff to bring herself within the provisions of the Act of March 31, 1905, P. L. 87, by showing that the lease under which the defendant held was for "a time less than one year or by the month or for an indeterminate time." The defendant went into possession about June 1, 1904, admittedly under an oral agreement to pay $20.00 a month rent, which was paid as it accrued. At the expiration of seven months the plaintiff raised the rent to $25.00 a month, which the defendant also paid up to January, 1908. In the meantime, that is in October, 1907, the plaintiff raised the rent to $35.00 a month. The defendant refused to pay the increase, whereupon the plaintiff gave thirty days' notice to vacate, and these proceedings followed. The above facts are undisputed, but there is a very serious conflict of evidence as to what occurred and was said at the beginning of the tenancy relative to the period the defendant was to occupy or have the right to occupy the premises. According to the plaintiff's testimony nothing was said upon the subject, the agreement being simply a letting for $20.00 a month without anything being said as to the term. If that was the whole agreement the case would be within the principle of Hollis v.

Burns, 100 Pa. 206. But the defendant's testimony, as we understand it, was to the effect that pursuant to a conversation on a previous occasion, in which the plaintiff had promised to consider the defendant's application to rent the premises, the defendant went to the plaintiff and after they had talked the matter over they came to an agreement that the plaintiff would make a lease and the defendant and her husband would sign it. Assuming the truth of the defendant's version of these two interviews, it cannot be declared as a matter of law that what was said, without a taking of possession under it, constituted an actual demise of the premises.

After these interviews, but before June 1, 1904, when it was contemplated the tenancy would begin, the defendant moved some books into the back part of the store, having first asked and obtained the special permission of the plaintiff to do so, and the latter still remaining in the actual possession of the premises. The plaintiff gave a different version, but it was for the jury to decide between them, and therefore it is sufficient for present purposes to say that the jury could well find from the former's testimony as to the circumstances under which this permission was given and these goods were put on the premises, that this act was not intended as a delivery and a taking of possession under the lease concerning which they had been negotiating.

At a later interview, the defendant asked for a lease, evidently meaning a written lease, and the plaintiff demurred to giving one. As the occurrences at this interview are of the highest importance in determining the question in dispute, we quote quite extensively from the defendant's testimony: "I had my books there then. I said 'I'll move every stick back to-morrow; I won't move into your house without a yearly rentage or a lease.' 'Oh,' she said, 'don't do that, don't do that; I'll give you one,' in the presence of my niece. Q. Your niece who is she? A. Miss Tillie Zeitz. Q. You asked for a yearly lease? A. A lease. I said 'I'll not move into anybody's house without a lease; I never move without a lease.' Q. When you asked for the yearly lease what did she say? A. She said she had not been giving them, they were no good any how. Q. Tell us what further was said on this occasion about this. A. That

was all she said, and she walked to the corner with me then. She closed up the house that night. I said 'I'll move every stick back to-morrow; I don't have to get out from where I am; I'll move every stick back to-morrow; I'll not move in without one.' She said, 'Oh, don't do that; don't do that; I'll give you one.' Q. What rental? A. It was to be $20.00 a month. Q. Tell us whether or not there was anything said on that occasion, that is, when she said she would give you a yearly lease and you fixed the $20.00 a month rental—was there anything said about your staying any longer, or what was said? A. Not at that time." The precise date of this interview was not stated but it was fairly inferable by the jury that it was before the defendant "moved in," and that it was pursuant to the terms insisted upon by the defendant and assented to by the plaintiff that she went into full possession as the plaintiff's tenant. If it be true that the defendant entered into an agreement for a "yearly lease," was let into possession and paid the stipulated rent, she held upon such terms in the agreement for a lease as were not inconsistent with a tenancy for years. If the contract had been in writing the construction would have been for the court. But being in parol, it was for the jury to decide the dispute as to the words used by the parties and the circumstances under which they were uttered, and if they decided that dispute in favor of the defendant's version, then to decide what the parties meant by what was said. See Maynes v. Atwater, 88 Pa. 496; Henderson v. Sonneborn, 30 Pa. Superior Ct. 182 and cases cited at page 187. In determining whether the defendant entered into an agreement for a yearly lease, the fact that she assented to an increase of rent during the first year was pertinent; indeed it strongly tended to sustain the plaintiff's contention that she entered and was then holding as a tenant by the month, but it did not, in and of itself, change the nature of the tenancy. As the court properly instructed the jury it was a fact to be considered by them in determining the main question above stated.

There is next to be considered what occurred, according to the defendant's testimony, at the next interview between the parties. She testified that she again demanded a written lease,

and that the plaintiff at first demurred but finally promised to give one. We now quote from the defendant's testimony: "' Very well,' I said, after she said she would give it to me in writing, 'you can make it for one year with the privilege of staying five if you wish.' . . . . I said 'Will your Uncle Jake come over and sign?' She said, 'No, I'll send it over to the house.' 'Very well, then,' said I, 'we'll sign it then, Mr, Williams and myself.'" There is some uncertainty as to the time when this interview occurred. In chief, the defendant testified that it was when she paid the first month's rent. This was in July, a month after the tenancy began. But on cross-examination she testified that it was their second interview, and that it occurred after some of her "possessions" were on the premises and before the rent was raised to $25.00. It was for the jury to decide when it occurred. If it was after the tenancy began it did not change the nature of the tenancy. If it was before, and was the agreement under which the defendant entered, and if it be further conceded that by reason of the provisions of the statute of frauds the defendant entered as a tenant at will, there would still remain the question whether the tenancy was not afterwards enlarged by the acts and intention of the parties to a tenancy from year to year. The defendant rented the premises, in part, as a business place, and installed and conducted therein a business which might be very seriously injured by a summary eviction in any time of the year at the end of thirty days' notice; with the knowledge and so far as it appears without objection of the plaintiff she made improvements in the building, consisting among others of the installation of a boiler, pipes and hotwater fixtures connecting the same with the bath room; and remained in possession for more than three years, and paid the stipulated rent, and until October, 1907, when the plaintiff demanded an increase, the latter accepted the rent without notice to remove or other action indicating her intention to hold the defendant as strictly a tenant at will. The court held that the evidence was sufficient to warrant the jury in finding that the tenancy instead of continuing to be strictly at will, even if it was so in the beginning, became a tenancy from year to year, so that the de-

fendant could only be put out of possession at the end of the year upon having received three months previous notice to quit. We are of opinion that under the cases of McDowell v. Simpson, 3 Watts, 129; Dumn v. Rothermel, 112 Pa. 272, and Walter v. Transue, 22 Pa. Superior Ct. 617, this was not error.

If there had been no instructions given upon this question excepting those which were given in answer to the plaintiff's third point it might be argued with considerable force that the jury would naturally understand the quotation from the opinion in Walter v. Transue as ruling the question in the defendant's favor as a matter of law. But when the charge of the court and the answers to the other points are read as a whole it is apparent we think that the jury could not have taken that meaning from the answer to the third point. The court told the jury repeatedly that the question whether this was a tenancy by the month or for an indeterminate period or from year to year was to be decided by them from the evidence in the case. Taking it as a whole the case was one where the doctrine of Maynes v. Atwater and of the many other cases in the same line was peculiarly applicable.

All the assignments of error are overruled and the judgment is affirmed.