# Robinson, Appellant, *v.* Moyer.

*Landlord and tenant—Recovery of possession—Relation of landlord and tenant—Reservation of rent—Agreement to farm on shares—Acts of December 14, 1863, P. L. 1864, p. 1127, and March 6, 1872, P. L. 22.*

A proceeding before a justice of the peace under the Acts of December 14, 1863, P. L. 1864, p. 1127, and March 6, 1872, P. L. 22, to recover possession of a farm, cannot be maintained, where it appears that the plaintiff, the owner of a farm, entered into an agreement in writing with the defendant by which the owner was to continue to reside on the farm, the defendant was to do the farm work, the produce was to be divided one-third to the plaintiff and two-thirds to the defendant, with the privilege to the plaintiff of keeping a certain amount of stock, the taxes were to be paid one-half by each, and the farm after the death of the plaintiff was to become the property of the wife of the defendant, upon the payment by her of a fixed sum to certain persons mentioned. Such an agreement does not establish the relation of landlord and tenant, or reserve "a certain rent" within the meaning of the Act of March 6, 1872, P. L. 22.

Argued Feb. 25, 1914. Appeal, No. 1, Feb. T., 1914, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1913, No. 309, reversing judgment of justice of the peace in case of Ellen Robinson v. J. W. Moyer. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was reversal of judgment of justice of the peace.

*W. E. Ritter*, for appellant.—The act of 1863 is broad enough to cover farm leases of the character mentioned in this case: Quinn v. McCarthy, 81 Pa. 475; Scott v. Fuller, 3 Penrose & Watts, 55; Shaffer v. Sutteon, 5

Binney, 228; Koontz v. Hammond, 62 Pa. 177; Snyder v. Carfrey, 54 Pa. 90.

*H. W. Pyles*, for appellee.—The justice had no jurisdiction: Ballou v. Mehring, 28 Pa. Superior Ct. 156; Givens v. Miller, 62 Pa. 133; McGinnis v. Vernon, 67 Pa. 149; Davis v. Davis, 115 Pa. 261; Graver v. Fehr, 89 Pa. 460; McDermott v. McIlwain, 75 Pa. 341.

OPINION BY PORTER, J., July 15, 1914:

This was a proceeding instituted by Ellen Robinson before a justice of the peace, under the Landlord and Tenant Act of December 14, 1863 (P. L. of 1864, p. 1127) and its supplements, to recover from the defendant possession of a farm. The magistrate entered judgment against the defendant, that he forthwith deliver actual possession of the premises to the plaintiff. The case was brought into the court of common pleas by writ of certiorari and the judgment was by that court reversed. The plaintiff now appeals from the judgment of the court of common pleas.

The supplement to the Act of 1863, approved March 6, 1872, P. L. 22, prohibits any proceeding under that statute, "unless such proceeding shall be founded upon a written lease or contract in writing, or on a parol agreement in and by which the relation of landlord and tenant is established between the parties, and a certain rent is therein reserved." The question which arises upon the record in this case is whether the written agreement between the parties established the relation of landlord and tenant and reserved a certain rent, and, if it did, had the term ended. The agreement was executed March 7, 1903, and contains the following provisions which are in this case material: "The said Ellen Robinson in consideration of the covenants on the part of the party of the second part, hereinafter contained, doth covenant and agree with the said Joseph W. Moyer, to farm the farm on which Ellen Robinson resides, on

the following conditions: Giving said Ellen Robinson one-third of all that is raised on the farm and the privilege of living on the farm if she desires with the privilege of keeping two cows, pigs, and chickens, Joseph W. Moyer to furnish and cut what firewood the said Ellen Robinson needs for her own use. The taxes on said farm to be paid in equal shares by parties of the first and second part. J. W. Moyer to market the produce of the said party of the first part if so desired, and the rest of the crops to be properly housed in the barn. After the death of Ellen Robinson the said farm shall be deeded to Mildred Moyer, wife of J. W. Moyer, upon payment of four hundred and fifty dollars, lawful money of the United States to each of the following, Rose Person, Jessie Robinson and Hannah Shinkel, making a total of thirteen hundred and fifty dollars to be paid one year after date of death."

After the parties had acted under this agreement for over nine years, the plaintiff, on December 6, 1912, notified the defendant to vacate the premises on March 7, 1913. The contention of the plaintiff is that the agreement constituted Moyer a tenant at will, which tenancy had by the yearly rendition of one-third part of the fruits of the farm become a tenancy from year to year, which she had the right to terminate by a three months' notice prior to the end of any year. In order to determine whether this is the correct view of the relation in which these parties stood to each other all the covenants of their agreement must be considered. The agreement is not skillfully drawn, but the intention of the parties is clearly manifest. Moyer undertook to do the work upon the farm, but he was not entitled to the exclusive possession, the plaintiff was to continue to reside there and had the right to maintain thereon certain stock. The produce of the farm was to be divided between them, Moyer to receive two-thirds and the plaintiff one-third, the former to market the share of the latter if she so desired. Moyer was to furnish and cut the

firewood which plaintiff needed for her own use. Each was to pay one-half the taxes. The immediate return which Moyer was to receive for working the farm and the personal services which he rendered the plaintiff and for his payment of one-half the taxes, was the two-thirds of the crops which resulted from his labor. The parties, however, provided for further compensation to be made to Moyer by the covenant that after the death of the plaintiff the farm which was the subject-matter of the agreement should be conveyed to the wife of Moyer upon the payment of a definite sum, one year after the date of said death. This was more than a lease. The intention of it was to secure to the plaintiff the services of Moyer to cultivate the farm, rendering to her one-third of the results of his labors upon the farm and providing her with such fuel as she needed; her purpose was to secure her maintenance, with the right to continue in joint possession of the farm so long as she lived. The consideration for Moyer's services was not merely the two-thirds of the annual product of the farm during the period that those services were rendered, but upon the death of the plaintiff the farm was to be conveyed to his wife, at a price agreed upon. It is not necessary that we should express any opinion as to whether such a covenant could be made available to enforce a specific performance of the agreement to convey the farm after the death of the plaintiff, but the covenant is material in determining the question of how long it was the intention of these parties that the agreement should continue in force. This was one of a class of agreements, not uncommon, in which an owner of agricultural land, no longer able to cultivate it, seeks to secure a comfortable home and maintenance during the remainder of life by entering into an arrangement with a relative or other person in whom he or she has confidence to cultivate the land and provide for the wants of the owner during life, in consideration, among other things, of a covenant that the land shall after

the death of the owner become the property of the person rendering the service. The agreement in this case contained no provision for forfeiture in case of noncompliance with its covenants and that line of decisions of which Quinn v. McCarty, 81 Pa. 475, is an example, has no application.

The contention of the plaintiff is that this was a tenancy from year to year, and, if this be conceded as the correct view, the Act of March 31, 1905, P. L. 87, cannot be invoked to sustain the proceeding: Morgan v. Williams, 39 Pa. Superior Ct. 580. The rights of these parties must be determined under the provisions of the statutes of 1863 and 1872. With regard to the act of 1872 Mr. Justice STERRETT, in Davis v. Davis, 115 Pa. 261, said: ".It also clearly indicates that the legislature in providing a remedy so summary that the person in possession may be ousted therefrom in a few days, intended to further limit the jurisdiction of magistrates and restrict the remedy to plain cases of ordinary tenancy. It is essential, not only that the relation of landlord and tenant be established by competent evidence of an express contract, but also that a rent, fixed and certain in its terms, was reserved in and by the contract." The present case is certainly not one of ordinary tenancy. The part of the product of the farm and the personal services which the defendant was to render the plaintiff were not merely for rent of the farm, for the intention of the parties was that, if the defendant continued to perform those services so long as the plaintiff lived, the farm was to become the property of the wife of the defendant, upon the payment of a fixed sum, after the death of the plaintiff. What part of the produce of the farm and of the personal services rendered by the defendant were to be considered as rent and what part as given or performed in consideration of the covenant that the farm should become the property of defendant's wife? These were questions which could not be determined without the intervention of a

jury, and the rent was, therefore, not "certain" within the meaning of the act of 1872: Magee v. Fessler, 1 Barr, 126; Graver v. Fehr, 89 Pa. 460; McDermott v. McIlwain, 75 Pa. 341; Davis v. Davis, supra. Taking into consideration all the covenants of the agreement of these parties it cannot be said that the contract reserved "a certain rent," as rent; and it seems clear that the term during which the parties intended the agreement to remain in force is not at an end. The action of the court below in reversing, for these reasons, the judgment of the magistrate was free from error.

The judgment is affirmed.