## Anderson, et ux., *v.* Dobkin, Appellant.

*Ejectment—Lease—Agreement to terminate in case of sale.*

A lease contained a provision that the tenant would "vacate the said premises at any time upon receiving sixty days' notice in writing so to do, in case of sale of said property." An ejectment clause also provided that in default or breach of covenant, judgment could be entered against the tenant by any attorney of any court of record. The lessee sold the property, gave notice to the tenants and entered judgment in accordance with the terms of the lease. Under such circumstances, judgment was properly entered, and the action of the court below, in discharging the rule to open the judgment, will be sustained.

Argued April 17, 1923. Appeal, No. 101, April T., 1923, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1922, discharging rule to open judgment in the case of Charles A. Anderson and Essie M. Anderson, his wife, v. Samuel Dobkin. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment entered under power of attorney in the lease. Before DOM, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Curtis H. Gregg,* and with him *James Gregg,* for appellant.

*John Keister,* of *Keister and Fink,* for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

The execution of the lease in question is admitted. It granted a term of one year commencing on the first day

of April, 1922. It contained the following provision: "The tenant expressly covenants and agrees to vacate the said premises at any time upon receiving sixty days' notice in writing so to do, in case of sale of said property." It also empowers any attorney of any court of record within the United States or elsewhere on any default or breach of covenant forthwith to enter judgment in ejectment for the premises against the tenant and all persons holding under him in favor of the lessors. It is not controverted that the lessors sold the premises and gave the notice in writing called for by the contract. Judgment having been entered in an action of ejectment, the court refused to open it on the application of the defendant, and from that refusal we have this appeal. It is contended that the agreement to vacate on sixty days' notice in case of a sale has reference to a later term than that granted in the lease, but for this position we have no authorities cited nor do we think such construction is permissible under the terms of the agreement. The only estate created was for a year, the only possession given was for a year, the lease ceased automatically at that time unless some action should be taken by the parties to continue it. Such provision to vacate is not uncommon where the lessor has in contemplation the sale of the property, and as the agreement was signed by the tenant with a knowledge of the effect of that covenant, no sufficient reason is suggested why it should not be enforced. It may operate to the inconvenience and disadvantage of the lessee, but that is a matter which should have been taken into consideration when the lease was signed. Further objection is made that the judgment was not entered in the form contemplated in the warrant of attorney. That authorized the entry of a judgment in ejectment with or without declaration filed and this necessarily implied the instituting of an action of ejectment in the court of common pleas. This is a procedure which has been in use since the formation of the Commonwealth and is within the terms of the warrant of at-

torney.¨ We do not find support for the appellant's position in the lease or in the authorities relating to the confession of judgment in actions of ejectment. The fact that it was adverse in form does not alter the fact that it was brought with the authority and consent of the lessee.

The judgment is affirmed.