## Yoder and Yoder *v.* Swainbank, Appellant.

*Landlord and tenant—Lease—Covenant by lessee—Forfeiture.*

A covenant in a lease for a year that it shall determine upon the sale of the property on ninety days' notice is not an irreconcilable repugnancy or inconsistency in the provisions of the lease, and will not invalidate the instrument.

Under the Act of December 14, 1863, P. L. (1864) 1125, an alderman has jurisdiction upon breach of a covenant in a lease, where there is a stipulation in the lease that such a breach should terminate the lease.

The appeal from the judgment of a justice of the peace does not operate as a supersedeas.

Evidence construing the terms of a lease was properly excluded, where it did not purport to be a promise, upon the faith of which the lease had been signed, but rather the interpretation of it by the agent. As against an innocent purchaser such interpretation could not be used to avoid the agreement.

Argued November 13, 1923. Appeal, No. 105, Oct. T., 1923, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1920, No. 75, on verdict for plaintiff in the case of Harvey E. Yoder and Anna S. Yoder v. Charles S. Swainbank. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $103.50 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of the petition to stay proceedings before the alderman pending disposition of the appeal.

*Henry C. Hicks,* and with him *T. M. B. Hicks,* for appellant.

*Otto G. Kaup,* for appellee.

OPINION BY KELLER, J., February 29, 1924:

The numerous assignments of error filed in this appeal, will be grouped and considered under four heads:

(1) There was no irreconcilable repugnancy or inconsistency in the provisions of the lease. It is competent for the parties to a lease to agree that its term shall be shortened upon the happening of a certain event, such as the sale of the property, and a lease containing such a provision is not so repugnant that the whole may not stand. We upheld exactly the same provision, as is objected to here, in the recent case of Anderson v. Dobkin, 81 Pa. Superior Ct. 416. There was, therefore, no conflict between the written and printed portions of the lease such as required the former to supplant the latter; though, for that matter, both portions were on the same footing, and contained insertions of periods of time in a printed form: McArthur v. Tionesta Gas Co., 28 Pa. Superior Ct. 568.

(2) The alderman had jurisdiction of the proceedings under the Act of Dec. 14, 1863, P. L. (1864) 1125. It was expressly decided in Quinn v. McCarty, 81 Pa. 475, 480, that it is too narrow a construction of the Act of 1863 to hold that it "only applies to the plain case of determination of a lease by its own limitation or term"; that a term may be "fully ended," within the provisions of the act, by a breach of covenant on the part of a lessee, where there was a stipulation in the lease that such a breach should work a forfeiture of his estate. That decision governs this case, for the lease in suit provides for its termination in the event of a breach of its covenants: Steiner v. Central T. & T. Co., 274 Pa. 341, 345. Whether the term was fully ended was one of the questions which the act, by its very terms, required the justice to deter-

mine: Quinn v. McCarty, supra; DeCoursey v. Guarantee T. & S. D. Co., 81 Pa. 217, 229; Steiner v. Central T. & T. Co., supra.   The proceedings were properly brought by the alienees of the lessor: Tilford v. Fleming, 64 Pa. 300; Glenn v. Thompson, 75 Pa. 389; Dumn v. Rothermel, 112 Pa. 272; Act of Feb. 20, 1867, P. L. 30. If it be contended that the covenant to vacate the premises in case of sale reduced the term to less than a year, or for an indeterminate period, the proceedings were still valid under the Act of March 31, 1905, P. L. 87; McHendry v. Shaffer, 58 Pa. Superior Ct. 171; Morgan v. Williams, 39 Pa. Superior Ct. 580.

(3) The appeal from the judgment of the justice did not operate as a supersedeas.   The Act of 1863 expressly provides that "such appeal shall not be a supersedeas to the warrant of possession."   The Act of April 10, 1905, P. L. 135, did not repeal the Act of 1863 or any of its provisions.   The Act of 1905 was passed for the better enforcement of service of writs of possession and applies to proceedings for the recovery of premises for nonpayment of rent (Act of April 3, 1830, P. L. 187), no less than because of the expiration of the term (Act of March 21, 1772, 1 Sm. 373; Act of 1863, supra).   Now an appeal from the Act of 1830 operates as a supersedeas, because it expressly provides for the giving of bail absolute by the appellant for the rent not only that "has accrued," but also that "may accrue," and hence contemplates a continuance of the tenant's possession following the appeal: Rubicum v. Williams, 1 Ashmead 230, 235.   And in the City and County of Philadelphia an appeal under the Act of 1863 does operate as a supersedeas: Act of June 25, 1869, P. L. 1275; and a certiorari has the same effect in Philadelphia: Act of March 24, 1865, P. L. 750.   The Act of 1905, therefore, was dealing with proceedings of different kinds and with different results, so far as appeals from them were concerned. It does not specifically declare that an appeal or certiorari from the judgment of the justice in proceedings

to obtain possession shall operate as a supersedeas, but only recognizes that such may be the result, and is careful not to affect the operation of the appeal in such instances.

(4) The court did not err in excluding appellant's offer of testimony, covered by the second assignment of error. It did not purport to show a promise or agreement upon the faith of which the appellant executed the lease, but, rather, an interpretation by the agent of the meaning of the covenant,—whose terms were entirely clear,—nullifying its force and effect. As against the appellees, at least, innocent purchasers without notice, it could not be used to avoid the written agreement: Juvenal v. Patterson, 10 Pa. 282, 285; Heilner v. Imbrie, 6 S. & R. 400. The case bears no likeness to Anderson v. Brinser, 129 Pa. 376, where the term of the lease had expired, the lessee was dead and his widow and children were in possession of the premises at the time of the sale of the land, and it was held that knowledge of the existence of the lease did not relieve the purchaser from the duty of inquiring of the person in possession whether he claimed otherwise than as a tenant under the lease. Here the appellant claimed under the lease but sought to nullify one of its covenants by an alleged secret explanation of its meaning, wholly destroying its plain purport, made by the lessor's agent and not brought to the knowledge of appellees.

The assignments of error are all overruled and the judgment is affirmed.