## Woodward v. Woodward et ux.

*Lloyd W. Woodward*, for plaintiff.
*Paul N. Barna*, for defendants.

GIBSON, P. J., March 25, 1946.—A writ of certiorari having been issued on October 3, 1945, returnable to the first Monday of November 1945, a return was made by the justice of the peace certifying his record. From this return, it appears that judgment was entered by the justice of the peace on December 4, 1944. Thus, on account of the tardy issuance of the writ, there is only open for consideration the jurisdiction of the justice of the peace to hear and determine the proceeding before him. No exceptions were filed or served on the opposite party as required by the court rules, "Certiorari to Justices of the Peace and Aldermen", Rule 4, and no præcipe was filed on behalf of the opposite party for judgment. The requirement for exceptions was evidently overlooked by both parties, and the case

was argued before the court as though there had been an exception to the jurisdiction of the justice of the peace. We limit our decision to that question.

On an examination of the record, we find in the complaint filed before the justice of the peace, and consistently continuing through the record, a certain statement of facts as follows: On August 1, 1941, S. L. Woodward was quietly in possession of certain described premises in the Borough of North Charleroi, upon which was erected a two-story frame dwelling house. On that date he entered into an oral agreement for the sale of said property to Eastman Woodward and Leona Woodward, his wife, which oral agreement was to be reduced to writing and signed by defendants; but, after obtaining possession of the premises, defendants refused to sign or to comply with said agreement, and from that date they have held possession of the premises "at the will of the said lessor without the payment of any rent or without any rent contract but that said defendants still refuse to sign or comply with said agreement".

The complaint also sets forth that on September 6, 1944, a written notice demanding and requiring the said Eastman Woodward and Leona Woodward, his wife, to remove from and deliver the premises to S. L. Woodward on October 6, 1944, was served on Eastman Woodward and Leona Woodward, his wife, and they have refused to comply with such notice. Service was made of a summons in proper form in accordance with the complaint, a hearing was held, and judgment was entered by the justice of the peace as above set forth. Following this, a writ of possession and alias writ were issued.

The only question before us is whether or not, under the statement of facts set forth above, the justice of the peace had jurisdiction.

This proceeding appears to be authorized by three acts of assembly.

1. The Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, sec. 1, 68 PS §364, which provides for cases in which any person having leased, or demised any lands, or tenements, to any person for a term of *one or more years, or at will,* shall be desirous, upon the determination of the lease, to repossess the demised premises, and provides for the giving of three months' notice of such intention, and regulates the procedure before a justice of the peace.

2. The foregoing act is modified to some extent by the Act of March 6, 1872, P. L. 22, 68 PS §373, which provides that after the passage of this act, "it shall not be lawful to commence or to prosecute any proceedings to obtain possession of any lands or tenements, under the provisions of the act of this general assembly entitled 'An act relative to landlord and tenants', approved December 14, 1863, unless such proceedings shall be founded upon a written lease or contract in writing, or on a parol agreement in and by which the relation of landlord and tenant is established between the parties, and a certain rent is therein reserved".

3. The supplemental Act of March 31, 1905, P. L. 87, 68 PS §366, provides:

"In all cases where a tenant shall hold possession of real estate within this commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time; and the immediate landlord or owner of such real estate shall desire to regain possession thereof from such tenant or occupant, he shall serve upon the tenant or an adult member of his family a notice, in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises, so held, within thirty days from the date of service thereof."

These several acts must be read together as constituting one system or plan of legislation. The Act of

1863 applies to those cases where the term is for one or more years, or at will, in which case the proceeding is limited by the provisions of the Act of 1872, while the Act of 1905 applies to those cases where the possession is by license or lease, oral or written, for any time less than one year, or by the month, or for an indeterminate period.

As only a 30 day notice to quit was given, it is incumbent on plaintiff to bring himself within the provisions of the Act of 1905, above referred to, by showing that the lease or right of the tenant in possession was for a time less than one year, or by the month, or for an indeterminate time: Morgan v. Williams, 39 Pa. Superior Ct. 580.

The proceeding is a summary remedy given by the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, and its supplements, and though convenient and necessary in proper cases, is in derogation of the common law, and hence the necessary jurisdiction must appear affirmatively on the face of the record or the proceeding is void. The record must contain every essential fact to support the judgment. Nothing can be taken by intendment. The Act of 1863 applies only to terms of one or more years, or at will, and requires three months' notice to the tenant. Under the Act of 1872, proceedings must be founded on a written lease or parol agreement, and a certain rent reserved. This legislation, amplified by the supplement of 1905, provides for the recovery in cases where the tenant holds for less than one year by license or lease, or upon an indeterminate time, and under this act the three months' period of notice is reduced to 30 days: Anderson v. McHenry, 90 Pa. Superior Ct. 583.

The Act of 1905 cannot be invoked where the tenancy is from year to year: Robinson v. Moyer, 57 Pa. Superior Ct. 401, 405. In this same case is quoted with approval the language of the Supreme Court in Davis

v. Davis, 115 Pa. 261, in which the court is discussing the provisions of the Act of 1872, above referred to, as follows:

"It also clearly indicates that the legislature in providing a remedy so summary that the person in possession may be ousted therefrom in a few days, intended to further limit the jurisdiction of magistrates and restrict the remedy to plain cases of ordinary tenancy. It is essential, not only that the relation of landlord and tenant be established by competent evidence of an express contract, but also that a rent, fixed and certain in its terms, was reserved in and by the contract."

The relation of landlord and tenant must be shown under both of the Acts of 1863 and 1905. The Act of 1863 applies where a person *has leased or demised* lands or tenements for a term of one or more years, or at will. The Act of 1905 applies *where a tenant* holds possession of real estate by license or lease for any time less than one year, or by the month, or for an indeterminate time. The leasing or demising creates a tenancy, which, under the Act of 1872, must be established by a written or parol lease or contract establishing the relation of landlord and tenant and the fixing of a certain rent, and the Act of 1905 specifically refers to a tenant. Both acts refer to a lawful possession by a person who is a tenant: McDonough v. McColligan, 35 Lanc. 244; Rudy v. Zeigler, 30 Dist. R. 362.

Testing this record by the requirements of the legislation mentioned and the authorities cited, there does not appear in this record the required jurisdiction of the justice of the peace who heard and decided the case. All the complaint and subsequent proceedings in this record show that defendants secured possession of the real estate under an oral agreement to purchase it and to enter into a written agreement to

that end, and that after obtaining possession they failed and refused to live up to their promises and have continued in that refusal. There is no tenancy created in the sense intended by the several acts referred to. There is no rent or other compensation fixed for their occupancy. If they secured possession fraudulently, intending not to comply with the oral agreement, then they were trespassers and continued to be such. If they entered into possession in good faith, intending to purchase the property, and by reason of the failure of the owner the purchase has not been concluded, then they continue in possession as purchasers. The circumstances set forth do not create the relation of landlord and tenant, or even that of a lessee.

Counsel for plaintiff, appellee, refers to McHendry v. Shaffer, 58 Pa. Superior Ct. 171, as a parallel case. We do not find it parallel. In that case, Sarah McHendry was found by the court to hold the apartment under a mere license. The justice's record showed, "that Ella M. Shaffer gave leave or license to a certain Sarah McHendry and William McHendry, her husband, for the occupation of a part of said premises for an indeterminate period, which said time is now fully ended and terminated by the notice served on the defendants". These facts having been proven, the lawful possession as a tenant appears under the leave or license averred; while in our case the allegations show the possession as a purchaser, even though the oral contract could not be specifically enforced.

We have reached the above conclusions with considerable hesitancy because the conduct of defendants creates an injustice. If their oral contract was satisfactory, they should have proceeded to carry it out even though it could not be enforced; and if it was not satisfactory, then they should have vacated the prem-

ises and not remained in possession over this long period of time without paying the owner any compensation. We reach our conclusion because the proceedings for the removal of the tenant are statutory and those statutory provisions do not apply in this case. Consequently, the justice of the peace did not have jurisdiction, and plaintiff will be driven to his action in ejectment, which applies to all cases of unlawful withholding of possession of real estate.

*Order*

And now, March 25, 1946, judgment entered by the justice of the peace in the above-entitled proceeding is hereby reversed, solely on the ground of lack of jurisdiction by the justice of the peace in this proceeding, and judgment is entered for defendants.