## Federoff v. Nieratko et ux.

*Thomas E. Doyle,* for plaintiff.

*Agresti and Agresti,* for defendants.

EVANS, P. J., October 11, 1948.—This is before us on a petition to stay all proceedings pending an appeal from a judgment entered by Alderman Thomas M. McCarty on August 27, 1948, in favor of plaintiff in eviction proceedings.

Petitioners aver tenancy under a written lease executed in March 1944 for a period of one year; they claim a year-to-year tenancy thereafter as the basis of their right to remain in possession until April 1, 1949. The answer denies that a written lease was ever

executed and avers that an oral lease on a month-to-month basis constitutes the actual contractual relationship between the landlord and the tenants. The alderman's transcript shows that testimony was submitted by plaintiff to support her contention that the lease was on a month-to-month basis and that this representation was found to be just and true.

In determining whether or not defendants are entitled to a stay of proceedings pending appeal, we must first consider the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, 68 PS §364. This act provides that any person having leased property for a term of one or more years, or at will, may, at the determination of said lease, repossess such demised premises, if the tenant refuses to surrender the same, by proceedings before a justice of the peace or alderman. The decision of the alderman may be appealed from, but the right to a supersedeas meanwhile is specifically denied. Other rights in lieu thereof are made available to the tenant in case of an adverse judgment by the alderman if that judgment be reversed by the court of common pleas.

The Act of March 31, 1905, P. L. 87, extends the jurisdiction of the alderman to cases where the property is held by license or lease, oral or written, for any time less than one year or by the month or for an indeterminate time. Thirty days' notice of an intention to repossess is required before the proceedings may be commenced under this act. In the case at bar, 60 days' written notice was given in order to comply not only with the provisions of this act but also with the rules of the Office of Price Administration. Section 2 of this act provides that in all cases the procedure to obtain possession, before a magistrate, alderman or justice of the peace, shall be in pursuance of existing laws.

In McHendry v. Shaffer, 58 Pa. Superior Ct. 171, the court held that the Act of 1905, supra, with the procedure to be invoked from prior acts, furnishes a complete remedy for recovery of possession of premises illegally held. In Yoder & Yoder v. Swainbank, 82 Pa. Superior Ct. 568, 570, the court held that if in that case defendants contended that the tenancy or right of possession was for a period of less than a year or for an indeterminate period, the proceedings described under the Act of 1863 were available for the purpose of eviction under the Act of 1905, supra.

The immediate question before us on identical facts was decided in Lehman v. Lehman, 19 Dist. R. 590. See also Malitz v. Grahofsky, 14 Del. Co. 212; Commonwealth v. Millet, 19 Lack. Jur. 210; Berkowitz v. Schavio, 11 Westmoreland 179. In all of these cases it was held that there is no right to a supersedeas pending an appeal in eviction proceedings brought under the provisions of the Act of 1905, supra. With these conclusions we agree and therefore we must refuse the right to any stay pending an adjudication of this matter on appeal.

A motion to strike off the appeal was filed by plaintiff for the reason that it had not been perfected within the time required by law. It appears in the petition for appeal that application therefor was made within the time prescribed by law and that the delay in filing the transcript in this court was due to the inability of the alderman to have it ready. Under these circumstances the motion to strike off must be refused.

And now, to wit, October 11, 1948, the rule granted September 10, 1948, on the petition to stay all proceedings, and the rule granted September 23, 1948, on the motion to strike off the appeal, are discharged.