## McHendry, Appellant, v. Shaffer.

*Real property—Conveyance—Deed—Deed absolute in form— Mortgage.*

1. A deed absolute in form cannot be reduced to a mortgage of the premises except by proof of a written agreement signed and delivered by the grantee thereof providing that the conveyance was but as security for a debt.

*Trusts—Express trusts—Implied trust—Fraud—Deed—Reduction of deed to mortgage.*

2. Upon the trial of an action in equity to declare a trust of a certain apartment house in plaintiff's favor, and to restrain proceedings to evict plaintiff from an apartment occupied by her therein, and for an accounting, it appeared that plaintiff, who had been the owner of said apartment house, subject to mortgages, had conveyed the same to defendant, one of the mortgagees, by a deed absolute in form. Plaintiff submitted oral evidence of an agreement by defendant that the conveyance was merely as security for indebtedness, and that the property would be re-conveyed upon pay-

ment of such indebtedness. After the conveyance plaintiff was allowed to occupy an apartment in the property without payment of any rent. No evidence was offered of any written declaration of trust or written promise to re-convey, nor of any false representations by which plaintiff had been induced to make the conveyance. The lower court held that the trust relied upon by plaintiff was within the statute of frauds and could not be proven without a writing, that the deed absolute in form could not be reduced to a mortgage by oral evidence, and that the evidence would not justify a finding that there was a trust ex maleficio, and dismissed the bill. *Held,* no error.

Argued October 23, 1913. Appeal, No. 76, October Term, 1913, by plaintiff, from decree of C. P. Allegheny Co., June Term, 1912, Docket "A," No. 2085, dismissing bill in equity in the case of Sarah McHendry v. Ella M. Shaffer, formerly Ella M. McCutcheon, Maurice H. Shaffer, her husband, and Susan Morrison and Mollie H. Tucker. Before BROWN, MESTREZAT, POTTER, ELKIN, and MOSCHZISKER, JJ. Affirmed.

Bill in equity to declare trust, restrain eviction proceedings and for an accounting.

In the bill the complainant alleged that she conveyed certain real estate to the defendant, Ella M. Mc-Cutcheon, upon certain trusts; that said defendant, in violation of her duty as trustee, had attempted to evict the plaintiff from a portion of said premises and she prayed that these proceedings be restrained and that a decree be entered declaring the trust and for an accounting.

In the answer the alleged trust was denied but the attempt to dispossess the plaintiff was admitted. It was alleged that the proceeding was entirely lawful.

The following is an epitome of the facts found by SWEARINGEN, J.:

By conveyance dated March 29, 1910, and duly recorded, Sarah McHendry, the complainant, became the owner of two lots in the Twentieth ward of the City of Pittsburgh, subject to the payment of a mortgage held

by the United Securities Life Insurance and Trust Company. This land was improved by having located thereon a three-story brick apartment house, consisting of six apartments. Complainant also gave a mortgage to Susan W. Morrison, one of the defendants, and another to Ella M. McCutcheon, also a defendant, and subsequently had certain judgments entered against her by other parties. By deed dated September 16, 1910, Sarah McHendry and her husband conveyed the property to Ella M. McCutcheon, subject to the mortgage of the United Securities Life Insurance and Trust Company. Ella M. McCutcheon, now Ella M. Shaffer, entered into possession of the premises and Sarah McHendry and her family continued to occupy the apartment of the apartment house which she was then occupying. She never paid any rent for the apartment. Ella M. Shaffer, prior to the conveyance, through her sister, Mollie H. Tucker, made certain payments, including payments of installments on the United Securities Life Insurance and Trust Company mortgage, payments of certain county and city taxes against the property and interest on the other mortgage. On August 3, 1911, Ella M. Shaffer and her husband gave a mortgage to the Commonwealth Trust Company of Pittsburgh and had the mortgages of the United Securities Life Insurance and Trust Company and Susan W. Morrison and Ella M. McCutcheon satisfied of record, and subsequently the judgments that had been entered against Sarah McHendry were satisfied. On September 19, 1911, Ella M. Shaffer gave her bond and mortgage to Mollie H. Tucker and Susan W. Morrison in payment of certain moneys due to them, the indebtedness of Sarah McHendry to Susan W. Morrison and Ella M. McCutcheon, secured by the mortgages hereinbefore mentioned, being included in the said mortgage, as were also the heretofore mentioned advancements made by Ella M. Shaffer. On April 29, 1912, Ella M. Shaffer notified Sarah McHendry to deliver possession of the apartment she was

occupying and on May 9, 1912, Ella M. Shaffer filed a complaint before an alderman alleging a license to said Saran McHendry for the occupation of the apartment for an indeterminate period. The summons was issued by the alderman which was duly served, whereupon the present bill was filed and a preliminary injunction was issued. The contention of the complainant was that the property had been conveyed to Ella M. Shaffer only as security for certain indebtednesses with the understanding that she would hold the property for the complainant until such time as the complainant could make sale thereof, or if the property were not sooner sold, until such time as the rents should be sufficient to pay the indebtedness.

There was no averment that this agreement was in writing and no written defeasance was offered at the trial, nothing but oral proof being submitted. There were no express averments in the bill that any artifice or deception was practiced on the complainant when she executed the conveyance and the testimony clearly showed that no deed or declaration was intended to be made to the complainant contemporaneous with the delivery of the deed. The utmost to be inferred from the testimony was a parol agreement that a deed or declaration would be subsequently made stipulating that the property should be held in trust and should be reconveyed at some uncertain time. It did not appear that the alleged agreement was made with defendant herself but with one whom plaintiff contended was the defendant's agent; but no written employment was shown and it was not shown that such agent had any power to make a bargain for her with respect to the property; and he did not execute any written agreement with the complainant.

The court reached the following

CONCLUSIONS OF LAW:

First. The deed from the complainant and her hus-

band to Ella M. McCutcheon, dated September 16, 1910, is absolute in form. It cannot be reduced to a mortgage of the premises except by proof of a written agreement signed and delivered by Ella M. McCutcheon that the conveyance was but as security for a debt. No such written defeasance was submitted in evidence.

Second. The trusts upon which the complainant alleged Ella M. McCutcheon took the title to the premises in question and holds the same, are express trusts and they could only be proved by writing. No such evidence was offered.

Third. It was not averred or shown that Ella M. Mc-Cutcheon obtained the conveyance from the complainant by any artifice, trick or fraud and therefore no trust arose by implication or construction of law in favor of the complainant.

Fourth. The injunction heretofore issued restraining the defendants from proceeding with the suit instituted before Alderman James V. McMasters, should be dissolved.

Fifth. The bill filed by the complainant should be dismissed at her costs.

*Error assigned,* among others, was the decree of the court dismissing the bill.

*G. C. Lewis,* and *Walter S. Lobingier,* with them *George J. Campbell,* for appellant.

*Fred. Shoemaker* and *John M. Morrison,* for appellees.

PER CURIAM, November 7, 1913:

This decree is affirmed on the legal conclusions of the learned chancellor below. The first and second sufficiently indicate the material facts upon which they are based, and the third is self vindicating. As to the fourth it need only be said that as Sarah McHendry occupied the apartment under a mere license, the proceedings be-

fore the alderman to dispossess her were within the provisions of the Act of March 31, 1905, P. L. 87.

Appeal dismissed at appellant's cost.