## McHendry, Appellant, *v.* Shaffer.

*Constitutional law—Title of act—Proceedings to dispossess—Act of March 31, 1905, P. L. 87.*

1. The Act of March 31, 1907, P. L. 87, entitled, "An Act to provide for notice in the recovery of the possession of premises . . . . in all cases where the tenant holds for a term less than a year either by license or lease for an indeterminate period," sufficiently states its purpose in its title, and is not unconstitutional.

*Landlord and tenant—Vendor and vendee—Proceedings to dispossess—Act of March 31, 1905, P. L. 87.*

2. The holding over by vendors of real estate after the purchase money has been paid and the deed has passed, is a privilege leave or license on the part of the vendee; and, unless other agreement be shown, it will be so considered by the courts. A vendor holding over under such circumstances may be dispossessed by proceedings under the Act of March 31, 1905, P. L. 87.

Argued April 27, 1914. Appeal, No. 105, April T., 1914, by plaintiffs, from order of C. P. Allegheny Co., Jan. T., 1914, No. 1,999, affirming judgment of justice of the peace in case of Sarah McHendry and William McHendry v. Ella M. Shaffer. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from justice of the peace. Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in affirming judgment of justice of the peace.

*G. C. Lewis*, with him *George W. Flowers*, for appellants.

*Fred. Shoemaker*, with him *John M. Morrison*, for appellee.

OPINION BY KEPHART, J., July 15, 1914:

On September 16, 1910, Sarah McHendry and William McHendry, her husband, executed and delivered a deed of conveyance to one Hugh Wilson, in trust for Ella M. McCutcheon, now Ella M. Shaffer, for a certain apartment house situate in Sheridan, Allegheny county, Pennsylvania. The grantor, Sarah McHendry, continued in possession of one of the apartments until April 29, 1912, when she was notified by Ella M. Shaffer to deliver possession of the apartment she was occupying; and on May 9, 1912, Ella M. Shaffer filed a complaint for the recovery of 'possession before an alderman alleging a license to said Sarah McHendry for the occupation of the apartment for an indeterminate period. After service of the summons a bill in equity was filed and a preliminary injunction granted restraining further proceedings before the alderman. The contention of Sarah McHendry in this bill was "that the property had been conveyed to Ella M. Shaffer only as security for certain indebtedness, with the understanding that she would hold the property for Sarah McHendry until such time as she could make sale thereof, or if the property were not sooner sold, until such time as the rents should be sufficient to pay the indebtedness." Upon hearing, the court below decided that the deed from Sarah McHendry and William McHendry to Ella M. Shaffer was an absolute deed, dissolved the preliminary injunction and dismissed the bill of complaint. On appeal to the Supreme Court this judgment was affirmed: McHendry v. Shaffer, 242 Pa. 476. From the report of that case the facts as above noted are taken. Upon the filing of the decree finally dismissing the appeal, the proceedings before the alderman, which were under the Act of March 31, 1905, P. L. 87, were again taken up and a judgment of ouster was rendered. A writ of certiorari was sued out from the court of common pleas to review these proceedings and the affirmance of that judgment is here assigned as error. The question here

presented was one of the questions passed upon by the Supreme Court in disposing of the case of McHendry v. Shaffer, supra, as will be noted by an extract from the per curiam opinion, viz.: "As to the fourth (assignment) it need only be said that as Sarah McHendry occupied the apartment under a mere license, the proceedings before the alderman to dispossess her were within the provisions of the Act of March 31, 1905, P. L. 87."

The appellants argue that "the Supreme Court, in passing upon the equity case . . . . could not possibly foresee . . . . whether . . . . Mrs. Shaffer might or might not prove additional facts, not in evidence in the equity case, sufficient to show, (1) the relation of landlord and tenant, and (2) that a certain rent was reserved." We need only point out appellants' contention in the equity case, claiming that they were in possession by virtue of a resulting trust and that the deed, absolute on its face, was in fact a mortgage. They were defeated in that action. An examination of the justice's record in this case shows that Ella M. Shaffer gave leave or license to a certain Sarah McHendry and William McHendry, her husband, for the occupation of a part of said premises for an indeterminate period, which said time is now fully ended and terminated by the notice served on the defendants. . This record exhibits the same set of facts relative to the holding by the appellants that were presented to the court in the equity proceedings. At this point this appeal might be dismissed had the appellants not questioned the constitutionality of the Act of March 31, 1905, P. L. 87. Does the title of this act give notice of its contents? In passing on this question it is helpful to review the law as it previously existed. The title need not embody all the distinct provisions of the bill in detail, nor, as has been said, serve as an index or digest of its contents. It is sufficient if the title fairly gives notice of the real subject of the act as to reasonably

lead to an inquiry as to what is contained in the body of the act. To declare the act void, the case must be clear. These principles have been followed by the appellate courts in a long line of decisions and it is unnecessary to repeat them. The title of the Landlord and Tenant Act may be stated as follows: "To provide for notice in the recovery of the possession of premises . . . . in all cases where the tenant holds for a term less than a year, either by license or lease for an indeterminate period." Prior to this act, the act of 1863, with its supplement, the act of 1872, did not authorize proceedings against a tenant who did not hold for years or at will: McDermott v. McIlwain, 75 Pa. 341. The act of 1863 and the act of 1872 provided for the recovery of possession in certain cases of tenancy but did not provide for all of them. To enlarge the class of tenancies, over which a justice would have jurisdiction and thus reach additional holdings by lease, the act of 1905 was passed; which, with the former acts, covers practically all cases which might arise under the relationship of landlord and tenant. In addition, this act provided for the recovery of possession of land held under a license. No law authorizing a summary proceeding before a magistrate has been pointed out whereby the owner could regain the possession of real estate held under a license. In using the words quoted above, the title gives fair notice of the contents of the act. It would be a close construction if we were to hold that the word "notice" controlled and limited the interpretation of the entire title. The very fact that no statutory proceedings heretofore existed for the recovery of possession held under a license would cause any person noticing this title to inquire what the body of the act contained; and for the same reason, the mention of the new class of tenancies which the act was intended to reach, and, being such that arise constantly in practice, should cause any person reading this title to inquire of the contents of the act. The act of 1905, with the procedure to be

invoked from the prior acts, furnishes a complete remedy for the additional classes of cases named in the act of 1905. The provisions of the former acts are extended to these cases.

When the Supreme Court decided, in the equity proceeding, the questions therein raised adversely to these appellants, they were in the position of vendors, who, being in possession of real estate, sell it, execute a deed therefor, and refuse to give possession to the vendee. Prior to the act of 1905 nothing short of an ejectment or an equitable proceeding could secure to the vendee this possession. Both remedies were expensive and could be delayed. The holding over by the vendors, after the purchase money had been paid and the deed had passed, is a privilege, leave or license on the part of the vendee; and, unless other agreement be shown, it will be so considered by the courts. A license has been defined to be: "An authority to do a particular act or series of acts upon another's land without possessing any estate therein, and is usually created by parol, though it may be inferred from circumstances in the relationship of the parties. 'It properly passeth no interest, nor alters or transfers property in anything:'" Baldwin v. Taylor, 166 Pa. 511. A license such as this is revocable at the privilege of the licensor.

We realize the force of the excerpt from the opinion of Chief Justice STERRETT, in Davis v. Davis, 115 Pa. 261, quoted with approval in Kaufmann v. Liggett, 209 Pa. 87; and do not intend to depart from the principle therein set forth. These authorities are against the magistrate assuming jurisdiction of complicated questions of law which arise from the terms of agreements of lease or license. In the present proceedings whatever questions existed were definitely settled by the Supreme Court in the equity case referred to.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellants.