# Leotti *v.* Philadelphia Macaroni Company, Appellant.

*Negligence—Master and servant—Elevators—Workman in elevator pit—Descent of elevator—Trials—Motion to strike off statement of claim—Remarks of counsel—Reference to former trial—Remark unprejudicial—Case for jury—Motion to withdraw a juror.*

1. In an action by an employee against an employer to recover for personal injuries occasioned by the descent upon plaintiff of an elevator while he was working in an elevator pit, the case was for the jury and a verdict and judgment for plaintiff will be sustained where the evidence was conflicting as to whether plaintiff had gone into the pit with the assurance of defendant's engineer that a man would be stationed at the floor above to see that the elevator did not descend, or had gone into the pit in disregard of the engineer's instructions not to do so until the latter's return when he himself would operate the elevator and make certain plaintiff's safety.

2. Where on a former trial of such case the plaintiff, while being cross-examined through an interpreter, was questioned as to inconsistencies between his testimony and certain averments in the statement of claim, and, apparently thinking the examiner was endeavoring to entrap him, had denied the genuineness of his own signature to the statement, a motion at the subsequent trial to strike off the statement for such reason was properly dismissed where defendant's counsel, when the statement was then placed before plaintiff

and he was questioned as to the genuineness of the signature, objected to the inquiry as "immaterial," stating that there is "no objection now," especially where both the notary public who took the affidavit and plaintiff's attorney had testified as to the genuineness of the signature, and plaintiff on direct examination at the former trial had also testified as to its genuineness.

3. In such case the trial judge properly refused to affirm defendant's point for charge that the verdict should be for the defendant "if you find that when plaintiff went into the elevator pit he knew his safety depended upon the elevator being locked above, tried to lock it himself, was satisfied that it was already locked, and that he was subsequently hurt because he was not watchful or was mistaken in his belief that the elevator was locked," where defendant had failed to add to the point words to the effect that the jury should only so find if they believed that plaintiff did not in fact rely upon the alleged guarantee or assurance given him by the engineer.

4. In such case where counsel for plaintiff in his closing address stated "this case was tried once before, and plaintiff went on the witness stand and told his story; he told identically the same story before you," the trial judge properly refused to order the withdrawal of a juror where, without objections being entered thereto, several prior references had been made by witnesses to the fact that the case had been tried before, and on objection being made to the remark in question counsel for plaintiff withdrew the remark and the court instructed the jury to ignore the incident and determine the case exclusively upon the evidence presented before them, and the remark appeared to be unprejudicial.

Argued March 22, 1917. Appeal, No. 62, Jan. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1915, No. 3478, on verdict for plaintiff in case of Joseph Leotti v. Philadelphia Macaroni Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $11,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to strike off plaintiff's statement of claim, in refusing defendant's motion for the withdrawal of a juror, and refusing defendant's motion for judgment n. o. v.

*Ralph B. Evans* and *Frank P. Prichard,* with them *W. W. Smithers,* for appellant.—The statement of claim should have been stricken off.

There is no evidence of defendant's negligence: Sterner v. S. Morgan Smith Co., 233 Pa. 27.

*J. W. Wescott,* of *Wescott, Wescott & McManus,* for appellee.—The court properly refused to strike off plaintiff's statement of claim.

Plaintiff having been injured while resting upon the assurance of his employer that he would see to his safety, is entitled to recover: Crimmins v. Farquhar, 250 Pa. 569; Powell v. S. Morgan Smith Co., 237 Pa. 272.

OPINION BY MR. JUSTICE MOSCHZISKER, April 23, 1917:

The plaintiff, a carpenter, was injured while performing services in the employ of the defendant company; he sued in trespass, alleging negligence, and recovered a verdict, upon which judgment was entered; defendant has appealed.

The following facts may be stated as determined by the jury: On the date of the accident, November 4, 1915, the plaintiff, Joseph Leotti, was about forty years of age, and a vigorous, healthy man, with a substantial earning capacity; he was instructed by the engineer of the defendant company, who had authority to give the order in question, to go into an elevator pit, in the cellar of the defendant's premises, for the purpose of repairing the gates of the elevator; whereupon plaintiff said to the engineer, "Will you guarantee that you will not allow this elevator to come down on me?" and the latter replied, "Yes, I will station a man at the first floor, to see that it will not come any lower than that"; relying upon

this assurance, Leotti entered the pit, and, while he was engaged at work, the elevator, in charge of another employee, who had not been informed of the plaintiff's whereabouts, descended upon him, so injuring his back that he will be a hopeless cripple the rest of his life.

While appellant admitted the plaintiff was told to repair the elevator gates, yet it denied he had been given any promise whatever that precautions would be taken to insure his safety.  In fact, one witness for defendant went so far as to state that, at the time the instructions for the work were given, the engineer left plaintiff's side, in order to get some materials for use in connection with the repairs about to be made, and, as he did so, expressly told the latter not to go near the elevator until he, the engineer, should come back, adding, "I will operate the elevator and you will work, you will be safer"; this was the answer on the main branch of the case.  There was no pretense that any precautions had been taken to insure the safety of plaintiff, the theory of the defense being that neither the engineer nor any one else in authority knew, or had an opportunity to know, that the injured man had placed himself in a position of danger, and, therefore, that he did so at his own risk.  It is evident, however, that the jury disbelieved the testimony and rejected the theory of the defendant, accepting that of the plaintiff; and, under the circumstances, they reasonably could draw the conclusion that the former had been guilty of negligence toward the latter in permitting the elevator to descend upon him without warning: Powell v. S. Morgan Smith Co., 237 Pa. 272.

All the issues involved were submitted to the jury in a careful, comprehensive charge, which was eminently fair to both sides; but the appellant complains of several rulings of the learned court below, which call for consideration.  This case was tried once before, but, for some unexplained reason, the former verdict in appellee's favor was set aside.  The plaintiff testified through an interpreter; at the other trial, when under cross-

examination, counsel for the defendant, holding in his hand the statement of claim, proceeded to question plaintiff as to certain alleged inconsistencies between the averments thereof and the latter's testimony, whereupon the witness, no doubt thinking the examiner was endeavoring to trap him, denied the genuineness of his own signature upon the written statement.   Prior to the trial now under review, a rule was taken, based upon this incident, to strike the statement of claim from the record; but this rule was discharged.   When the present trial opened, the defendant again moved, on the same ground, that the statement should be stricken from the record, and, when its motion was overruled, it secured an exception, which forms the basis of an assignment of error. At the second trial, counsel for the plaintiff placed before him the original statement of claim, and proceeded to inquire as to the genuineness of his signature, with the evident purpose of clearing up the confusion on that point; whereupon counsel for defendant objected to the inquiry as "immaterial," stating that "there is no objection now."   We have read the stenographer's notes with care, and, so far as they throw light upon the subject in hand, it appears clear to us that whatever objection had formerly been entered to the statement of claim was "withdrawn" at the second trial.   It may be well to note at this point, however, that both the attorney who drew the statement and the notary who took plaintiff's affidavit, testified to the genuineness of the latter's signature; further, that certain testimony from the first trial, printed in appellee's paper book, shows the plaintiff himself stated he had signed and sworn to a statement for these men, when he was at the hospital after the accident. Under the circumstances, we feel there can be no reasonable doubt that the statement of claim relied upon by plaintiff was prepared, signed and sworn to in the usual way.

It is strongly contended that the trial judge erred in refusing a point for charge submitted by defendant, as

follows: "If you find that when plaintiff went into the elevator pit he knew his safety depended upon the elevator being locked above, tried to lock it himself, was satisfied that it was already locked, and that he was subsequently hurt because he was not watchful or was mistaken in his belief that the elevator was locked, then your verdict should be for the defendant." It appears from plaintiff's testimony that, when he went into the pit, he looked up and saw the elevator standing at the fifth floor; that he tried the cord and found the vehicle was already locked at the indicated station; that, "it being locked there," he "could not lock it" where he was about to work, as he otherwise might have done. He was then asked the question, "When you found it was locked at the fifth floor, you let it alone and started to work, is that the idea?" and replied, "Yes, because the engineer had assured me that he would place a person on the first floor to see that it would not be lowered." As drawn, the point was properly refused; had the defendant added to his request, after the last use of the word "locked," something to the effect that, if the jury further believed the plaintiff did not in fact rely upon the alleged guarantee or assurance given him by the engineer, then the point would properly have covered the theory of the defense, and might have called for an affirmance.

There is but one other assignment which requires discussion, and that concerns the refusal to withdraw a juror on motion of defendant. When senior counsel for plaintiff was summing up, he said, "This case was tried once before, and plaintiff went on the witness stand and told his story; he told identically the same story before you." At this point, counsel for defendant objected and made the motion which we are now considering. Counsel for plaintiff withdrew the remark; whereupon the trial judge instructed the jury they were to ignore the incident and determine the case exclusively upon the evidence presented before them. The notes of testimony show that, during the examination of the witnesses, sev-

eral references had been made, without objection from any one, to the circumstance that the case had been tried once before; hence the jurors must have been fully aware of that fact, and we do not feel it is at all probable the entirely inadvertent remark of counsel prejudiced the cause of the defendant: O'Malley v. Public Ledger Co., 257 Pa. 17.

The assignments of error are all overruled, and the judgment is affirmed.