Public National Bank and Trust Company of Houston, for use, *v.* Enameled Metals Company, Appellant.

Argued October 9, 1936. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Oliver K. Eaton,* for appellant.

*Lawrence D. Blair,* with him *M. H. Ewing* and *Moorhead & Knox,* for appellee.

OPINION BY MR. JUSTICE LINN, November 23, 1936:

Plaintiff has judgment in a suit on a written guaranty executed by defendant providing for payment of notes made by Roberts Empire Electric Company, subsequently bankrupt without paying in full. Defendant complains that its motion for the withdrawal of a juror was refused.

During his argument to the jury, plaintiff's counsel made remarks conceded to be unfair. After he concluded his speech counsel for appellant objected at side bar. The objection came a little late unless the rules of the court below provided (as we understand is the practice in some counties) that such objection may not be made until after the conclusion of the argument. It is always possible, if objection is interposed as soon as the

unfair comment is made, that counsel may immediately withdraw the objectionable words and may himself ask the jury to disregard them. This, for example, was done in *Wilhelm v. Uttenweiler* (an Allegheny County case), 271 Pa. 451, 112 A. 94, and in *Cook v. Erie Electric Motor Co.*, 225 Pa. 91, 73 A. 1060. However, we must deal with the point as presented. At the oral argument the learned counsel for plaintiff-appellee frankly stated that in the heat of the trial he had crossed the line dividing fair from unfair comment. His position however was that no harm was done because the learned trial judge instructed the jury to disregard the objectionable remarks,[1] and that, in addition, the court in banc after hearing argument on the subject concluded that the er-

---

[1] "During the closing address of plaintiff's counsel, Mr. Blair, certain statements were made to which Mr. Eaton, representing the defendant, has taken an exception. That was a side bar exception, but it is now for your attention and under the instructions we give you concerning the same. Mr. Eaton excepted to Mr. Blair's stating that Mr. Patterson was one of the big capitalists of the United States; that the Enameled Metals Company, the defendant company, had invested $100,000 in this Roberts Company in Houston and he didn't know in how many other states they might have the same amount invested, and that the defendants manifestly or apparently were men of wealth. Now, I say to you very definitely, that there was no testimony to support any one of those three contentions. This jury must not decide this case on any basis of prejudice or passion. No inflammatory remark of counsel must have any part in your ultimate decision. There must be no response to any appeal to passion or prejudice if prejudicial or inflammatory remarks should be made by counsel, and none should be answered by the jury, of course. At the same time, we suggest to you there was testimony that Mr. Quinn and Mr. Patterson had other interests than the Enameled Metals Company, the defendant company and the Roberts Company in Houston, that they were down in Houston on other business, other interests in at least possibly one other corporation and possibly other corporate interests. However, the thing I want to get over to you now is, that you ought not decide this case either for or against the plaintiff because it is a bank and because it is a bank in Houston, Texas, because it dealt in commercial paper, and made loans to the Roberts

ror was harmless.[2] The words complained of were not taken down. When the motion to withdraw a juror was made, the learned trial judge said: "There was testimony as to the varied business interests of Mr. Patterson and Mr. Quinn. The particular contention that Mr. Patterson was one of the big business men of the United States is not reasonably supported by the testimony. We will refuse the defendant's counsel's motion to withdraw a juror and continue the case and in the progress of the charge, the Court will endeavor to remove from the minds of the jury any possible prejudice raised in the closing address by counsel, and will ask defendant's counsel to call our attention, if we do not sufficiently meet it in the charge, or during the charge."

It was stated at the argument, without contradiction, that some of the remarks made in the speech to the jury, referring to the witness Quinn as a "big business man," were intended to be satirical and could not have been otherwise understood by the jury and that such characterization was justified by the arguments made by counsel for appellant. The learned trial judge was familiar with these elements of the trial and in better position to judge of the propriety of the arguments than we are.

We may not sustain the assignment. The rule is perfectly clear and has been the subject of so much discus-

---

Company on the guaranty of the defendant, the Enameled Company, unless the testimony shows that their contractual responsibility with the plaintiff company either should prevail or should not prevail in this suit. The same thing should be said as to the defendant."

[2] In their brief, counsel for plaintiff make the following statement which was not challenged by appellant: "Counsel for plaintiff frankly and sincerely stated in their brief in the lower court that they did not wish to support a verdict that was the result, to any extent, of an appeal to passion and prejudice and if the Court should be of the opinion that, after the very specific instructions given by the Court on this question, the jury were influenced in any way by such appeal, a new trial should be granted."

190

sion that we will not repeat what has been so frequently said. When the comment is so unfair as to be deemed harmful in its effect on the trial, a new trial will be granted: *Mittleman v. Bartikowsky*, 283 Pa. 485, 129 A. 566; *Schroth v. Phila. R. T. Co.*, 280 Pa. 36, 39, 124 A. 279; *Saxton v. Pbgh. Ry. Co.*, 219 Pa. 492, 495, 68 A. 1022; *N. Y. Central R. R. Co. v. Johnson*, 279 U. S. 310, 317. On the other hand, if the record shows that the remarks were harmless, the assignment will be overruled: *Donahue v. Punxsutawney Boro.*, 298 Pa. 77, 84, 148 A. 41; *Wyatt v. Russell*, 308 Pa. 366, 370, 162 A. 256; *Rock v. Cauffiel*, 271 Pa. 560, 565, 115 A. 843; *Leotti v. Phila. Macaroni Co.*, 257 Pa. 583, 588, 101 A. 802; *Wilhelm v. Uttenweiler*, 271 Pa. 451, 454, 112 A. 94; *U. S. Circle Swing Co. v. Reynolds*, 224 Pa. 577, 582, 73 A. 982. We find no abuse of discretion.

Judgment affirmed.