Spring et al. *v.* Herriman, Appellant.

Argued March 11, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Herbert R. Carroll,* for appellant.

*John G. Reading,* of *Reading & Wood,* for appellees.

PER CURIAM, April 15, 1937:

The plaintiffs' testimony furnished sufficient evidence of defendant's negligence to sustain the verdict and judgment in this case. Defendant did not choose to take the witness stand, or offer any testimony, so the only question before the jury was whether or not they believed the testimony produced on behalf of the plaintiffs.

A nine year old boy standing still on the side of the road, five feet away from the paved roadway, could not have been hit by the defendant's car unless it was off the roadway; and to go five feet off the roadway on a bright, clear day, with a dry road, free of other traffic, and hit a boy standing still there, would justify a finding of negligence on the part of the driver of the car, unless it was shown that something suddenly went wrong with his steering apparatus, or some other satisfactory excuse for his action was presented, of which this defendant gave no evidence.

The statement of plaintiffs' counsel in his closing address to the jury: "I cannot understand—he must have been crazy or drunk, to have run off the road and hit the boy," was followed at once by a motion for the withdrawal of a juror and the continuance of the case. The trial judge refused the motion but at once instructed the jury to disregard the remark, whereupon counsel for plaintiffs disavowed any intention to assert that the defendant was either drunk or crazy and said to the jury: "I beg your pardon, ladies and gentlemen, I did not intend to do anything that was out of the way, although I cannot understand how in the name

of all that is marvelous a man who claims to be able to drive an automobile could get off the pavement on a bright day, a bright afternoon, and hit a boy five feet off the pavement; can you?"

Later, in the charge, the court again instructed the jury to disregard the remark.

The verdict in favor of the minor plaintiff, $500, was very modest in amount considering the very serious injuries suffered by the boy.

The court below was satisfied that the jury had not been inflamed by the remark complained of, followed, as it was, by the immediate disavowal of the counsel who made it and the directions of the court to disregard it, saying, in the opinion refusing the motion for a new trial and for judgment non obstante veredicto: "We are of the opinion that the prompt action of plaintiffs' counsel in promptly withdrawing the remark objected to, which was immediately followed by an instruction from the Court to the jury to disregard the remark, and that this instruction was repeated to the jury at the very close of the Court's charge, so that the instruction would be fresh in the jurors' minds, eliminated and reduced any prejudicial effect which the remark complained of might have had on the jury; and this, taken in connection with the very modest verdict awarded the boy for the serious and painful injuries sustained, indicate quite conclusively that the jurors' minds were not influenced to the prejudice of the defendant." See *Public National Bank v. Enameled Metals Co.*, 324 Pa. 186, 188 A. 143.

We agree with this conclusion.

Judgments affirmed.