Maxwell et al., Trustees, *v.* Castiello et ux., Appellants.

Argued December 13, 1937.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*R. C. Mauch,* with him *Milton J. Goodman,* for appellants.

*Samuel H. Goodman,* for appellees.

OPINION BY RHODES, J., March 4, 1938:

This is a proceeding instituted under the Act of December 14, 1863 [1864], P. L. 1125 (68 PS §364), as supplemented by the Act of March 31, 1905, P. L. 87 (68 PS §§366-367), to obtain possession of real estate. The alderman entered judgment in favor of plaintiffs, and defendants appealed to the court of common pleas. Plaintiffs thereupon filed declaration and abstract of title, and defendants filed an answer. The jury returned a verdict in favor of plaintiffs for possession of the real estate in question, as directed by the trial judge, and awarded damages to the plaintiffs in the amount of $266.67. Defendants' motions for new trial and judgment n. o. v. were refused, and, from the judgment entered on the verdict, defendants have appealed.

On October 15, 1924, appellant Pasquale Castiello acquired title to real estate in the city of Bethlehem, located at Nos. 502-508 East Fourth Street. On a portion of the real estate a two-story brick and granite bank building was erected, in which he conducted a banking business. In the rear of the bank building, and forming a part thereof, was a two-story apartment.

On November 4, 1925, this appellant executed a mortgage for $25,000 on said real estate in favor of the E. P. Wilbur Trust Company. On November 5, 1931, the appellants, husband and wife, executed a second mortgage for $25,000, secured on this and other real estate of appellants, to the E. P. Wilbur Trust Company, as trustee for Gosztonyi Savings and Trust Company, Bethlehem National Bank, and E. P. Wilbur Trust Company. This second mortgage was executed to secure certain advancements made to appellant because of the non-liquidity of his banking business.

On January 20, 1933, a written agreement was entered into between Gosztonyi Savings and Trust Com-

pany, E. P. Wilbur Trust Company, and Bethlehem National Bank, whereby Gosztonyi Savings and Trust Company was to act as trustee for the aforesaid banks in the liquidation of the banking business of appellant.

On January 20, 1933, appellants granted and conveyed the real estate located at Nos. 502-508 East Fourth Street in the city of Bethlehem to Gosztonyi Savings and Trust Company by a general warranty deed, regular and absolute on its face, which was duly acknowledged, delivered, and recorded. In September, 1935, during the liquidation proceedings, the E. P. Wilbur Trust Company foreclosed on its first mortgage, and, at the sheriff's sale held on November 16, 1935, the real estate in question was sold to the attorney on the writ. On the same day, the E. P. Wilbur Trust Company closed its doors and ceased to do business, and thereupon the secretary of banking filed a certificate of possession and took over all the assets of the said company in the capacity of receiver. On March 12, 1936, the sheriff of Northampton County executed a deed poll conveying the said real estate to Luther A. Harr, Receiver of E. P. Wilbur Trust Company. On July 13, 1936, appellees were appointed trustees of E. P. Wilbur Trust Company Trust Fund Investment Pool by the Court of Common Pleas and the Orphans' Court of Northampton County. By deed dated September 11, 1936, Luther A. Harr, Receiver, conveyed the said real estate to appellees.

Appellants have occupied the apartment in the rear of the bank building since 1925. Gosztonyi Savings and Trust Company, grantee in the deed from appellants, made no demand on appellants for the payment of rent for the apartment, nor was there any oral or written lease or other agreement between the parties, nor was any attempt made by the trust company to evict appellants. There was no change in the situation as to appellants' occupancy until on or about August 3, 1936,

when appellees notified appellants of their ownership of the property, and informed appellants that, effective on that date, they would be required to pay rental of $40 per month for the use of the apartment. No payment of rent having been received, written notice was served on appellants on October 27, 1936, demanding and requiring them to quit from and deliver up possession of the apartment within 30 days from the date of service as required by the Act of March 31, 1905, P. L. 87. Upon appellants' failure to comply with said quit notice, on February 8, 1937, proceedings were instituted before the alderman.

On September 9, 1935, appellant Pasquale Castiello filed a bill in equity against the Gosztonyi Savings and Trust Company, Joseph Korpics, Timothy M. Hogan, Rozi Gosztonyi, Liquidating Trustees, E. P. Wilbur Trust Company, Harry Margolis, Receiver of the Bethlehem National Bank, and Gosztonyi Bank, wherein he averred that the liquidating trustees of the Gosztonyi Savings and Trust Company had illegally transferred the collateral pledged by him to the Gosztonyi Bank, and had further commingled said collateral with the assets of the Gosztonyi Bank, and that without filing an account the liquidating trustees had threatened to make distribution among the three banks of the real estate pledged by him. A preliminary injunction was issued, and on May 4, 1937, it was decreed and ordered that accountant file an account within 30 days.

Appellant has filed 15 assignments of error.

The main issue involved is whether appellees' remedy to obtain possession was under the Acts of 1863 and 1905. It is our conclusion that it was.

The deed from appellants to the Gosztonyi Savings and Trust Company was absolute on its face. Appellants were permitted to remain in possession of the apartment after the deed had been delivered and recorded. This holding over by appellants was without

the payment of rent and without a lease, or other agreement, oral or written. After the conveyance, the trust company had the control and management of the real estate in question. The continued occupancy of the apartment by appellants was by leave or license on the part of the trust company. *McHendry v. Shaffer,* 58 Pa. Superior Ct. 171.

Appellants' contention that the deed of January 20, 1933, was given by them to the trust company as a trustee in accordance with the provisions of the written agreement of the same date between the Gosztonyi Savings and Trust Company, the E. P. Wilbur Trust Company, and the Bethlehem National Bank is not substantiated by the record. The agreement did not create the Gosztonyi Savings and Trust Company a trustee for appellants of the real estate involved. The trust company was to act as trustee for the three banking institutions in the liquidation of the banking business of appellant. It is to be noted that the deed from appellants to the trust company contained no reservations as to the title or the right of possession, and that the agreement likewise contained no reservations of title, legal or equitable, to appellants. The agreement was between, and for the benefit of, the three banking institutions which were to share and pay the liquidation losses, expenses, and costs in equal one-third shares. Paragraph 4 of the agreement provided: "Those assets of Castiello which consist of real estate shall be conveyed by Castiello and his wife to Gosztonyi as Trustee for Wilbur, Bethlehem and Gosztonyi in trust to hold and manage the same generally, applying the income to the carrying charges and the surplus, if any, to the reduction of the said Castiello notes without preference; and, at the earliest practical date to convert said real estate into cash and to distribute the proceeds thereof in accordance with the terms of this agreement."

There remained thereby to appellant Pasquale Cas-

tiello only the right to such surplus, after conversion of the real estate into cash, as might be left after the payment of all of his obligations and debts.

Appellees averred in their declaration that "on or about January 27, 1933, the Gosztonyi Savings and Trust Company, one of plaintiffs' predecessors in title, gave leave and license to defendants for the occupation of said apartment for an indeterminate time." This averment was not inconsistent with the subsequent foreclosure proceedings, as appellants' right of occupancy was subject to the first mortgage held by the E. P. Wilbur Trust Company.

Appellees advised appellants of their ownership; they fixed the rental which appellants were to pay as tenants at $40 per month; from time to time appellants were billed by appellees for the monthly rental; appellants refused to pay the rental to appellees as demanded. Appellees having recognized appellants' right as tenants to occupy the apartment, which was a portion of the real estate which they had acquired, proceedings under the Acts of 1863 and 1905 were the proper method for them to pursue for the recovery of possession.

No defense was interposed by appellants to the foreclosure proceedings on the first mortgage of $25,000 which appellant Pasquale Castiello had given to the E. P. Wilbur Trust Company; the sheriff's sale of the mortgaged real estate, we must assume, was valid and passed a good title. The proceedings in equity and the matter of an accounting by the Gosztonyi Savings and Trust Company are neither controlling nor relevant. The title to the real estate thus sold is not involved in those proceedings.

The question of damages for appellees' loss of the use and occupancy of the apartment occupied by appellants was properly submitted by the trial judge to the jury. There was ample evidence to support the verdict. Appellees' claim was not for rent, but for damages for the

loss of use and occupancy by reason of the wrongful detention of the apartment by appellants after they should have surrendered the same to appellees. The fair rental value of the premises for the time of the unjust detention by appellants was evidence of the damages sustained. See *Titus v. Poland Coal Co.*, 275 Pa. 431, 435, 119 A. 540. Under the Act of 1863 an appeal in the court of common pleas is to be tried in the same manner as an action of ejectment. There was competent testimony that $40 per month would be a fair rental value for the apartment occupied by appellants. The jury so found, and awarded damages to appellees accordingly.

Appellants finally contend that the remarks of appellees' counsel in his closing speech to the jury were prejudicial to appellants' cause. Appellants' motion for withdrawal of a juror was denied by the trial judge, and the jury was instructed to disregard the statement to which objection had been made. The instructions of the trial judge to the jury at the time of denying appellants' motion were, in our opinion, sufficient to obviate any detrimental effect from the alleged improper remarks, and, under these circumstances, there was no abuse of discretion in refusing to withdraw a juror. *Public National Bank and Trust Company of Houston, for use, v. Enameled Metals Company*, 324 Pa. 186, 188 A. 143; *Ruttenberg, Ex'r, v. Fire Association of Philadelphia*, 122 Pa. Superior Ct. 363, 186 A. 194.

All of the assignments of error are overruled.

Judgment is affirmed.