## KATZ v. DELAWARE & H. R. CORPORATION.

### No. 382 Civil.

District Court, M. D. Pennsylvania.
April 18, 1941.

A. M. Lucks, David J. Reedy, and Stanley F. Coar, all of Scranton, Pa., for plaintiff.

Paul Bedford, of Wilkes-Barre, Pa., for defendant.

JOHNSON, District Judge.

This is a civil action to recover damages caused by the negligent operation of defendant's engine at its railroad crossing. The case was tried before the court and a jury and a verdict in the sum of $5,000 was rendered for the plaintiff. The defendant now asks judgment non obstante veredicto or a new trial.

At 5:30 A. M., November 12, 1939, an automobile driven by plaintiff and a locomotive of the defendant collided at a grade crossing in the town of Jessup, Pennsylvania, resulting in personal injuries to plaintiff. At the time of the accident the locomotive was running in backward movement, and struck the plaintiff's car on the

second of four tracks which plaintiff was attempting to cross.

█ The motion for judgment non obstante veredicto will first be considered. It asks for judgment upon the whole record, upon which the court reserved a point. At the oral argument this motion was abandoned, and it must fail, as a study of the record discloses there was sufficient evidence to go to the jury on the questions of negligence and contributory negligence.

Defendant's motion for a new trial states four grounds.

The first reason claims the court erred in refusing defendant's motion to withdraw a juror and continue the case because of the declaration of Betty Teakach, a witness ·for the plaintiff, that defendant had settled her claim for $2,500; and the further declaration of the same witness that the crossing where the accident occurred was a very dangerous crossing at which other people had been injured or killed.

Considering Mrs. Teakach's statement of her settlement with this defendant, Mrs. Teakach was a passenger in plaintiff's automobile at the time of the accident, and was injured as a result thereof. She was called as a witness for the plaintiff, and on cross-examination was thoroughly questioned on statements she had made to different persons concerning the accident. In the course of the cross-examination the following questions were asked:

"Q. So that the Chief of Police was the first person to whom you related the story of the accident; is that correct? A. That is right, and then Mr. Philbin came in to see me. I don't know if it was Sunday afternoon—

"Q. Who is Mr. Philbin? A. The Claim Agent of the D. & H., that is the one I settled my case with for twenty-five hundred." Trial Record, page 77.

Immediately defense counsel entered an objection and asked the withdrawal of a juror and the continuance of the case because of an improper remark. The cross-examiner did not hear the reply and urges upon the court that there is no evidence that the jury heard the reply until it was repeated in their hearing by counsel for defendant who now moves for a new trial: Trial Record, page 77.

Promptly after the statement and the objection the court said: "I am going to instruct the jury now. It is the duty of the court to instruct the jury at once; and I instruct you that any settlement she may have made about her case hasn't anything at all to do with this case, because the relationships are different. She was a guest, and here in this case this was the driver of the car, and any adjustment or settlement that she made would not affect the present case at all and should not have any weight at all in your minds or influence your minds at all; and I so instruct you. * * * I think it is admitted that it is a fact that she is not a party here, and that she is no longer a party in this case. * * * She has no pending suit, and it isn't of any interest to her, it isn't of any interest so far as the record discloses to assist in any recovery in this case * * * or to assist for any advantage, present or future, to herself. There is nothing in the record to show that. In other words, if she did have a case, it is ended * * * any adjustment she had does not indicate any liability or right against the defendant, or right to recover by the plaintiff; her adjustment hasn't a thing to do with this case, to affect the recovery or failure to recover in this case. The fact that she has made an adjustment is no admission of liability whatever. * * * This statement from the witness was a voluntary statement; it was not brought out by counsel for the plaintiff; and furthermore, her case, in any event, she being a guest, rests upon a different situation, and, in any event, the court has fully instructed and cautioned the jury, so that the court thinks no harm, in any event, will be done, and, therefore, the motion to withdraw a juror and continue the case is overruled and exception is noted for the defendant:" Trial Record, pages 79, 80, 81, 84.

. Again at the close of the court's charge to the jury, at the request of counsel for the defendant, the court instructed the jury carefully concerning the statement of the witness: Trial Record, page 591.

█ When remarks of counsel or witnesses are made during trial, and they are objected to as improper, it is largely within the discretion of the trial judge to determine what corrective and protective action should be taken, and that action depends on the atmosphere of the trial and all the circumstances surrounding the remarks: Maxwell v. Castiello, 130 Pa.

**700**

Super. 390, 197 A. 536; National Bank & Trust Co. v. Enameled M. Co., 324 Pa. 186, 190, 188 A. 143, and cases there cited.

■ In view of the fact that the controversial statement was fully and carefully explained by the court to the jury at several points, this court is satisfied that defendant's case was not prejudiced, and that the trial court did not abuse its discretion in refusing to withdraw a juror and continue the case.

■ On this same ground defendant complains of prior remarks of this witness that the point where the accident occurred was a dangerous crossing and other people had been injured or killed there. At the time of this remark counsel for defendant simply asked that it be stricken out, and that was done. He did not ask for the withdrawal of a juror and the continuance of the case, and indeed did not even request the court specifically to instruct the jury to disregard the remark. Evidently he was of the opinion that the statement was not so prejudicial to his client as to afford a basis for withdrawal of a juror and the continuance of the case: See United States v. Simon, 3 Cir., April 1, 1941, 119 F.2d 539. It was not until long afterward, when the witness volunteered her statement about settlement, that this remark was made the basis of a motion for withdrawal of a juror and continuance of the case. Taken alone, the statement of the danger of the crossing will not under the circumstances support a motion for a new trial, and coupled with the later remark about settlement, this court does not feel that harmful error resulted requiring a new trial.

■ Defendant's second reason for a new trial states the court erred in refusing defendant's first point for charge, that: "There is no evidence that the engine speed caused or contributed to the accident." In refusing the point, the court told the jury: "Speed is another one of the claims of negligence on the part of the plaintiff. The plaintiff claims there was too much speed under the circumstances, as well as failure to give the notices I mentioned. This was in a town, and if it was in a town, a dangerous crossing, which is used by many pedestrians or by pedestrians and vehicles, there, in the exercise of care, it may have been necessary for a train to moderate the speed, because more danger usually comes from a high degree of speed than from a lower degree of speed. Therefore, it will be for you to determine whether there was negligence in the speed of the train, whether there was negligence there, and along with the speed goes all the other conditions there, and notices, if any, or the lack of them." Trial Record, page 587.

The above quoted part of the charge sufficiently supports the ruling made by the court.

■ Defendant's third reason for a new trial states the verdict is against the weight of credible evidence and contrary to the evidence in the case. Defendant argues that the testimony of its witnesses that the engine gave ample signals was opposed only by vague and indefinite testimony of plaintiff's witnesses. There was direct evidence for plaintiff that the engine was traveling without lights and gave no warning. The credibility of witnesses and the weight to be given evidence are for the jury, and where a question of fact is supported by the positive evidence of a single witness, the case cannot be withdrawn from the jury, however strong the opposing testimony or number of contradicting witnesses may be: Zimmerman v. Pennsylvania R. R. Co., 302 Pa. 406, 153 A. 721.

Defendant's fourth reason for a new trial complains that the verdict is contrary to law. The claim is based upon the same evidence which has been discussed in the preceding paragraph, and the answer is likewise the same.

For the reasons set forth, it is ordered that defendant's motions for judgment non obstante veredicto and for a new trial be and they hereby are refused and denied.