## Wagner v. Boltz

280

*L. E. Meyer,* for plaintiff.
*Christian R. Gingrich,* for defendant.

EHRGOOD, P. J., November 8, 1945.—This matter comes before the court on a motion for a new trial by the above named defendant, from a verdict rendered by a jury in favor of plaintiff. Plaintiff instituted an action in assumpsit against defendant, claiming the sum of $214.87 as the cost of material supplied and labor furnished in the repair by plaintiff of defendant's automobile. Plaintiff's statement alleged that on or about September 5, 1944, plaintiff received defendant's automobile for the purpose of making repairs thereto at the request of defendant, and plaintiff performed the work and repairs, and supplied the materials for the performance of said work and repairs, as set forth in plaintiff's book of original entry, of which a true and correct copy is attached, marked Exhibit "A". That the prices charged were fair and reasonable and the ordinary market prices for work and repairs of the character supplied, and defendant promised and agreed to pay plaintiff for said repairs and materials. That defendant accepted the work and repairs, and material supplied, but has neglected and failed to make payment therefor. The affidavit of defense admitted that defendant took his autombile to plaintiff's garage for the

purpose of having the same repaired, and that plaintiff did some work in connection therewith, and that plaintiff has certain charges as set forth in plaintiff's Exhibit "A". Defendant denied that repairs were made in accordance with defendant's request and that the material and supplies were supplied in accordance with the request of defendant. Defendant also denied that the charges were fair and reasonable charges for the work and repairs furnished, and avers that the work was done in an unworkmanlike manner, whereby it will be necessary for defendant to dismantle his car in order to straighten a bent frame at an expense to defendant exceeding $100. Until such services are done, as required by good workmanship and the standards of the trade and the terms of the oral contract originally made between the parties, defendant denies that he owes the plaintiff any sum of money.

The motion for a new trial alleges three reasons, as follows:

"1. The court erred in refusing defendant's motion for withdrawal of a juror when plaintiff's counsel, in addressing the jury, informed the jury that defendant had made a tender of $175 as the case went to trial, as an argument why the verdict should be for plaintiff, with the suggestion that defendant admitted that such amount was due, and from such admission the jury could infer that the whole amount claimed by plaintiff was due. This was fatal error and incurable by the court's effort at explanation to the jury to ignore counsel's statement. Such tender was not in evidence and the comment was fatally prejudicial.

"2. The court erred in refusing defendant's motion for withdrawal of a juror when plaintiff's counsel referred to defendant as a chiseler trying to beat an honest claim, there being no evidence in the case to warrant such comment, particularly because no witness

was produced by the defendant and resorting to the courts for proof of disputed claims certainly cannot warrant such comment. The error was fatal and not cured by the court's appeal to the jury to disregard the comment.

"3. The verdict under the evidence could, under no circumstances, have been in excess of $102.87. No evidence was produced from which the jury could fairly infer the number of hours of labor supplied by the plaintiff. His claim was based upon book entries of which "Exhibit A" of plaintiff's statement was alleged to be a copy. Plaintiff, on cross-examination, admitted his inability to testify to the labor items of his own knowledge. During the noon recess he was permitted to bring into court his books of original entry of which "Exhibit A" was a purported copy.

"4. After a noon-day recess he brought back some loose papers which he claimed were books of original entry but he failed to introduce them in evidence although invited to do so. Inspection of the plaintiff's Exhibit "A" shows on its face that the same is not a book of original entry since plaintiff admitted that it covered labor charges extending over many hours and different days. Plaintiff, for the reasons indicated, failed to prove his case by competent evidence and the verdict rendered was a mere guess insofar as it exceeded in amount the sum of $102.87. As to items making up that total the evidence was sufficient. Hence defendant asks that judgment be rendered in the above amount or a new trial granted."

At the time of argument on the motion for a new trial, defendant filed a brief stating, "Defendant is willing to rest his claim for a new trial on the simple ground that the verdict is against the evidence". Notwithstanding that defendant at time of argument withdrew the first two reasons urged in plaintiff's motion, we will consider them and dispose of them.

As to the first reason alleged, the record indicates that after the jury was sworn, plaintiff's counsel made his opening address to the jury. Thereafter, defendant's counsel made the following statement to the court:

"Defendant hereby makes tender of payment of $175 in settlement of the case we are about to try, with the understanding that he is ready to pay that amount into court, and, further, if the verdict is in excess of that amount, the costs will be placed on the plaintiff."

The court received this offer subject to defendant's objections, and reserved decision on it, pending the close of the case.

Thereupon, counsel for defendant addressed the court as follows:

"I object to any terms of settlement being stated by Mr. Meyer to the jury and ask for the withdrawal of a juror."

This motion was overruled by the court, and an exception noted for the defendant. The record indicates that the motion was made after the conclusion of plaintiff's counsel's opening address. The objection does not indicate what "terms of settlement" were referred to by plaintiff's counsel in said opening address. However, the evidence taken at the trial indicates that the repairs were completed on September 5, 1944, and the car was delivered to defendant, without payment. About 30 days thereafter the defendant complained about the bill being too high and at that time an offer of settlement was discussed but no agreement reached. Some time later, plaintiff agreed to accept $180 in settlement in the event that payment was made at the time of discussion. Defendant offered plaintiff $130 and finally, plaintiff agreed to accept $190 if settlement was completed at that time. Defendant gave plaintiff a check for $130 and a note for $60. The next day defendant stopped payment on said check and refused to pay the note. It is, therefore, apparent that

there was considerable evidence relating to settlements being discussed between plaintiff and defendant. The remarks of counsel for plaintiff, which defendant's counsel objected to, do not appear of record. The objection to improper remarks of counsel should be made immediately after the alleged unfair comment is made, and the alleged unfair remarks should be included in the motion of withdrawal, or placed upon the record. This was not done by defendant's counsel in this case. Furthermore, we can find nothing prejudicial in the remarks inasmuch as the evidence indicates considerable testimony relating to terms of settlement being discussed by plaintiff and defendant. Further, the jury was instructed by the court to disregard any remarks of counsel that may tend to be prejudicial and to determine the case upon the evidence produced and under the law, as explained by the court.

We are of the opinion, under the circumstances here present, that the remarks did not prejudice defendant's case and were harmless. See Ruttenberg, Exec., v. Fire Association of Philadelphia, 122 Pa. Superior Ct. 363. Also, Public National Bank, etc., v. Enameled Metals Co., 324 Pa. 186. With reference to the second reason urged by defendant for a new trial, from the record (page 17) it appears that counsel for defendant, after counsel for plaintiff had concluded his closing address to the jury, addressed the court as follows:

"I object to plaintiff's counsel calling defendant a chiseler on the ground that it may bias the jury and ask for the withdrawal of a juror and the continuance of the case at this time."

By the court: "Members of the jury, you don't pay any attention to any reference that may have been used by Mr. Meyer in his address to you regarding this defendant. You determine this case purely upon the evidence as produced in the case and upon the law as explained to you by the court. You don't decide in

favor or against one or the other by reason of any remarks made by counsel, but purely upon the evidence produced in the trial. The motion for the withdrawal of a juror is overruled. An exception may be noted for defendant."

Counsel for defendant again addressed the court: "I would like to make another motion for the withdrawal of a juror on the ground that the remarks of counsel for plaintiff to the jury would prejudice the jury against defendant."

By the court: "Members of the jury, you will disregard any remarks of counsel that have been made during the trial. That has nothing to do with your verdict in this particular case. The motion for the withdrawal of a juror is overruled. Exception may be noted for defendant."

It will again be noted that counsel made no objection until the conclusion of the argument of counsel and that the particular objection made was not referred to in the second motion. Under the circumstances here present we are of the opinion that defendant was not prejudiced and if error was committed, it was harmless and cured under the instructions of the court.

In the third reason urged, defendant contends that there was no competent evidence produced on behalf of plaintiff to prove the item claimed for labor furnished by plaintiff in the sum of $112. The record indicates that plaintiff was the only witness called in the trial of the case. Defendant produced no evidence. Plaintiff testified that the labor was furnished by two of his employes and a record was kept thereof on time sheets filled out every quarter hour, that the time sheets and his ledger book indicated that the labor necessary to make the repairs was furnished at $1.50 per hour and that it required 74⅔ hours to complete the job. This evidence was received without objection on the part of defendant's counsel. On cross-examination, defend-

ant's counsel requested plaintiff to produce time sheets which were produced at the afternoon session of court, but defendant's counsel did not examine the time sheets nor examine plaintiff with reference thereto. The time sheets were not introduced into evidence, defendant's counsel stating "the time sheets have not been introduced and if you do not want to introduce them I am satisfied". It is apparent from plaintiff's testimony that the time required of 74⅔ hours of labor necessary to make the repairs was based upon hearsay. His testimony that the charge was $1.50 per hour and that that was the usual and reasonable charge in the community in which the labor was performed, was within plaintiff's own knowledge. The evidence as to the number of hours, being hearsay, was incompetent, and, if objection had been made by defendant's counsel, could not have been admitted in evidence. However, "where evidence, incompetent as hearsay, is admitted without objection and is relevant and material to the fact in issue, the court may give it the value of direct evidence and on it base a finding of fact; or it may be treated, by what may be taken as consent, as part of the res gestæ in determining the issue. 'A rule of evidence not invoked is waived': Wigmore, vol. 1, sec. 18. 'Inadmissible evidence, including hearsay evidence, admitted without objection, is not a nullity or void of probative force, but is to be given its natural probative effect as if it was in law admissible' ". Poluski v. Glen Alden Coal Co., 286 Pa. 473, 476.

It was further stated in the case just cited:

"But an opponent may waive such requirements as well as the right to be confronted by the witness and the absence of an oath by failure to object. Hearsay evidence may accurately portray a given set of circumstances. The reasons which exclude such a portrayal do not detract from its truth or accurateness. These reasons are the legal barriers which have been erected

by the law, and which, in the interest of justice, the parties may move aside. Under this reasoning the evidence is then competent to the full extent of such probative value as it may have under all the circumstances."

Therefore, we are of the opinion that sufficient evidence was produced by plaintiff to prove the item of labor charge claimed under the statement of claim, and which was not denied in the affidavit of defense.

And now, to wit, November 8, 1945, defendant's motion for a new trial is hereby overruled, and judgment is directed to be entered upon the verdict in favor of Calvin J. Wagner, plaintiff, and against Pierce Boltz, defendant. Defendant is directed to pay the costs.